**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**CASE NO. 3:18-cv-01342-HES-PDB**

DEPUY SYNTHES PRODUCTS, INC.
and DEPUY SYNTHES SALES, INC.,

      Plaintiffs,

v.

VETERINARY ORTHOPEDIC
IMPLANTS, INC.,

      Defendant.

_____/

**DEFENDANT VETERINARY ORTHOPEDIC IMPLANTS, INC.'S**
**MOTION TO COMPEL PLAINTIFFS TO PROVIDE FULL**
**AND TIMELY SUPPLEMENTAL ANSWERS TO INTERROGATORIES**
**AND MEMORANDUM OF LAW IN SUPPORT**

**MOTION TO COMPEL**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rules 3.01 and 3.04[1], Defendant Veterinary Orthopedic Implants, Inc. ("VOI") moves for an order compelling Plaintiffs DePuy Synthes Products, Inc. and DePuy Synthes Sales, Inc. ("DePuy") to fully and timely supplement its answers to VOI's First and Third Sets of Interrogatories (the "Interrogatories") within 14 days.  VOI further requests that DePuy be ordered to pay the reasonable expenses, including attorneys' fees, incurred by VOI in bringing this Motion.

**MEMORANDUM OF LAW**

**INTRODUCTION**

## I.   Background

DePuy filed this action on November 12, 2018, alleging that VOI infringes U.S. Patent No. 8,523,921 (the "'921 Patent") by making, using, selling, offering to sell, and/or importing certain surgical plates for use in tibial plateau leveling osteotomy ("TPLO") procedures.  TPLO plates are used in veterinary medicine to treat ruptured cranial cruciate ligaments in dogs.

VOI answered the Complaint on January 7, 2019 (DE 21), denying infringement and asserting various affirmative defenses, including: (1) non-infringement of any valid claim of the '921 Patent; (2) invalidity of the claims of the '921 Patent pursuant to 35 U.S.C. §§ 102, 103, and/or 112; and (3) DePuy's claim is barred under the doctrine of equitable estoppel.

DePuy's filing of the Complaint in this action came as a surprise to VOI.  As DePuy's Complaint explains, the parties had previously communicated about the '921 Patent in late 2013 and early 2014.  On October 14, 2013, DePuy sent a cease and desist letter to VOI regarding the

---

[1] During the telephonic hearing on March 12, 2019, Judge Barksdale permitted the parties to waive the requirement of Local Rule 3.04 to recite each request, objection, and response at issue, and instead allowed the parties to file the discovery responses as exhibits.

'921 Patent.  *See* Compl. (DE 1), Ex. C.  VOI responded to that letter on November 1, 2013 (Ex. E to DE 1), and the parties continued to correspond in late 2013.  Exs. F, G, and H to DE 1. Significantly, VOI's letter dated December 17, 2013 (Ex. G to DE 1) denies infringement and concludes by stating: "Absent any response, we will assume this matter is concluded."  On January 2, 2014, DePuy's in-house counsel responded: "We're currently evaluating VOI's response.  You state that 'absent any response, we will assume this matter is concluded.'  You may assume whatever you would like about the matter being concluded if we do not respond, but I note that your assumption may not be accurate."  *See* Ex. H to DE 1.  Weeks, months, and years elapsed without any further word from DePuy.

Now, nearly five years after DePuy's misleading 2014 email, DePuy sued VOI for patent infringement.  Accordingly, VOI's Answer asserts an equitable estoppel defense:

> DePuy's claims are barred by the doctrine of equitable estoppel as a result of DePuy's unreasonable delay in bringing suit after misleadingly advising VOI on January 2, 2014 that DePuy was "currently evaluating VOI's" December 17, 2013 letter (*see* Exhibits G and H to the Complaint), and then instead choosing to remain silent for almost five years, thereby causing VOI to reasonably rely on DePuy's silence to VOI's detriment, resulting in material prejudice to VOI.

Answer (DE 21), Fifth Defense (Equitable Estoppel), at p. 11, ¶ 5.

VOI served its First Set of Requests for Production (Nos. 1-63) ("RFPs") and First Set of Interrogatories (Nos. 1-13) on January 16, 2019.  On January 28, 2019, VOI served its Third Set of Interrogatories (No. 15).  VOI's interrogatories seek basic information typically required of plaintiffs in patent cases.  Several interrogatories are targeted to information in DePuy's possession

regarding VOI's invalidity and equitable estoppel defenses and may further inform the '921 Patent claim interpretations.

## II.  <u>History of This Discovery Dispute and Efforts to Resolve the Dispute</u>

DePuy served its objections and responses to VOI's RFPs (Ex. A) and First Set of Interrogatories (Ex. B) on February 15, 2019, and served its objections and responses to VOI's Third Set of Interrogatories (Ex. C) on February 27, 2019.  As discussed below, DePuy failed to substantively respond to the vast majority of VOI's Interrogatories.  DePuy also did not produce a single document with its responses to VOI's RFPs.  These failures are particularly egregious in light of DePuy's heavy reliance on Fed. R. Civ. P. 33(d) in its answers to 12 of the 14 Interrogatories.  None of DePuy's responses complies with the Federal Rules of Civil Procedure or the Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida (hereinafter, the "M.D. Fla. Discovery Handbook").

In stark contrast to DePuy, VOI fully responded to DePuy's later-served document requests and produced all responsive documents and product samples in its possession, custody, and control the day its responses were due.

On February 15, 2019, within an hour of receiving DePuy's written discovery responses to VOI's RFPs and First Set of Interrogatories, VOI immediately wrote to DePuy to ask, among other things, whether DePuy would be producing documents later that evening consistent with its discovery obligations.  (*See* Ex. D at 12-13.)  DePuy did not respond to that email.  Nor were any documents produced that evening.  VOI followed up with another email on February 18, 2019, outlining the numerous deficiencies in DePuy's discovery responses and requesting a meet and confer that week.  (*See* Ex. D at 10-12.)  DePuy did not respond to that email.  The next day, VOI again wrote to DePuy (Ex. E), further detailing its deficiencies and requesting to meet and confer

that week.  DePuy refused to meet and confer later that week, citing the need to "properly evaluate [VOI's] lengthy correspondence." (*See* Ex. D at 4.)

On February 25, 2019, ten days after VOI first wrote to DePuy regarding its deficient discovery responses, DePuy finally provided some argument in response to VOI's various emails and letters.  (*See* Ex. F).  The parties then met and conferred by phone on February 26 and 28, 2019.  During the teleconference on February 26th, DePuy maintained that its discovery responses and lack of document production were proper "given the early stage of the case"—an assertion that is plainly inconsistent with its obligations under the Federal Rules.  When pressed by VOI to commit to dates certain for supplementing its deficient interrogatory answers and producing documents, DePuy offered to supplement certain interrogatory answers by late May, June, July, and August, and, for the vast majority of VOI's RFPs, DePuy refused to commit to a date certain for production any earlier than DePuy's proposed "substantial completion of document production" deadline of September 20, 2019 (*see* Ex. I.)—a result that exemplifies the reason VOI opposes adopting a "substantial completion" deadline in the first place.  DE 25-1 at 20.  VOI's concern has now become a reality.

After the meet and confer on February 26, 2019, DePuy made a limited first production of documents, which consisted of a mere 70 documents comprising 1,253 pages.

On February 27, 2019, DePuy sent correspondence to VOI (Ex. G) memorializing the items that DePuy stated during the February 26th teleconference it would produce and/or supplement "[t]o resolve the parties' dispute and avoid motion practice…." (Ex. G at 2.)  The February 27th letter also states that DePuy "will not delay its production until September" and (contrary to its representation during the meet and confer) that its "current estimate is that DePuy Synthes will complete the majority of its production of documents responsive to VOI's current

requests in June." (Ex. G at 1.)  However, the letter reemphasizes that "DePuy Synthes is also committed to substantially completing its production by September 20, 2019" (*id.*), and thus it is unclear when DePuy actually intends to produce the bulk of its documents.

Later that day, DePuy served its answer to VOI's Third Set of Interrogatories (No. 15). VOI immediately notified DePuy of the deficiencies in its answer to Interrogatory No. 15.

During the teleconference on February 28th, the parties discussed, among other things, DePuy's deficient responses to Interrogatory No. 15 and VOI's Requests for Admission.

Finally, on March 1, 2019, VOI proposed that DePuy provide a subset of the information sought by Interrogatory No. 15 by March 7, 2019 to narrow the dispute and obviate VOI's immediate need to move with respect to that interrogatory.  *See* Ex. H (3/1/19 – 3/4/19 email exchange).  DePuy did not agree to VOI's proposal, nor offer any counterproposal that would provide any substantive information before sometime in June 2019.  (*See id.*)

On March 5, 2019, DePuy made a small supplemental production consisting only of the '921 Patent and its prosecution history, and one letter from DePuy to VOI from 2008 regarding similar VOI products.  On the same date, DePuy also provided supplemental answers to Interrogatory Nos. 4 and 10.  (*See* Ex. J)  Those supplemental answers are still deficient.

Further, on March 8, 2019, DePuy produced a large amount of mostly duplicative documents consisting of mainly DePuy product literature and price lists.  (*See* Ex. K.)

In short, the parties now require judicial intervention.  DePuy's offer to produce certain categories of documents and to supplement certain interrogatories many months from now falls far short of satisfying DePuy's obligations under the Federal Rules and is too ambiguous, noncommittal, inadequate, and therefore unacceptable to VOI.  Accordingly, VOI moves to compel DePuy to fully answer VOI's Interrogatories within 14 days.

## ARGUMENT

### I.   Overview of Discovery Dispute and Legal Standard

Simply put, DePuy's answers to Interrogatory Nos. 1-13 and 15 are not a source of information; they are a tool for delay.  The "Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Maplewood Partners, L.P. v. Indiana Harbor Ins. Co.*, 295 F.R.D. 550, 580 (S.D. Fla. 2013).  Indeed, "the overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *First Coast Energy, L.L.P. v. Mid-Continent Casualty Co.*, 286 F.R.D. 630, 632 (M.D. Fla. 2012).  DePuy, as the party resisting discovery or seeking to unreasonably delay it, "must do more than 'simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad.'" *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 670 (S.D. Fla. 2005). "Instead, [DePuy] must 'show specifically how, despite the broad and liberal construction afforded the federal discovery rules, . . . each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Lane*, 242 F.R.D. at 670.

Even if DePuy attempts to argue that complying with its discovery obligations in a timely manner somehow "will cause great labor and expense or even considerable hardship and possibility of injury to [its] business," this would "not of itself require denial of the motion." *Lane*, 242 F.R.D. at 670, citing 8 Wright & Miller § 2214, at 647-48.  Here, DePuy has not offered any credible explanation as to why it cannot respond to VOI's Interrogatories within a reasonable amount of time.  Indeed, any claim by DePuy Synthes – a global medical device company owned by global medical device and pharmaceutical giant Johnson & Johnson – that it would be unduly

6

burdensome to comply with VOI's requests for basic factual information in its possession in a timely manner would be dubious, at best.  Because it cannot possibly meet its burden, DePuy should be ordered to supplement its answers within 14 days.

## II.    DePuy Should Be Ordered to Supplement its Deficient Interrogatory Answers.

### A.   DePuy's Answer to Interrogatory No. 1 is Deficient.

As an initial matter, despite having produced no documents with its written discovery responses, DePuy's response to Interrogatory No. 1 relies on Fed. R. Civ. P. 33(d), as follows: "information responsive to this Interrogatory may be found in . . . documents that DePuy Synthes will produce in this litigation. Fed. R. Civ. P. 33(d). DePuy Synthes will supplement its response **after** its document production and identify specific documents or categories of documents." (emphasis added).   And DePuy's answer fails to state when its document production and supplementation will take place.   DePuy's answers to Interrogatory Nos. 2-6, 8-11, 13, and 15 similarly rely on Rule 33(d) in this manner.

Relying on Rule 33(d) in this manner is wholly improper.  Rule 33(d) provides:

> If the answer to an interrogatory may be determined by examining…a party's business records…, and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could….

It is well settled that "a simple offer to produce unspecified responsive materials is not sufficient designation to satisfy the rule."  *See* Wright & Miller, 8B Federal Practice & Procedure, 2178 (3d ed.) (citing cases); *Blake Associates, Inc. v. Omni Spectra, Inc.*, 118 F.R.D. 283, 289 (D. Mass. 1988) ("In its response to the twenty-ninth interrogatory, plaintiff merely states that it '…will make

available for examination by counsel documents responsive to this interrogatory.' This is patently

insufficient."). The Middle District of Florida's discovery guidelines likewise state the following:

> Rule 33(d), Federal Rules of Civil Procedure, allows a party in very limited
> circumstances to produce business records in lieu of answering interrogatories. To
> avoid abuses of Rule 33(d), the party wishing to respond to interrogatories in the
> manner contemplated by Rule 33(d) should observe the following practice: (a)
> Specify the documents to be produced in sufficient detail to permit the
> interrogating party to locate and identify the records and to ascertain the answer
> as readily as could the party from whom discovery is sought….

M.D. Fla. Discovery Handbook § III.A.10(a). DePuy's answer to Interrogatory No. 1 plainly does

not comply with Rule 33(d), and its answers to Interrogatory nos. 2-6, 8-11, 13, and 15 are deficient

for the same reason.

The limited substantive answer DePuy provided is rife with deficiencies. Rather than

identifying the "earliest alleged dates of conception and reduction to practice for the alleged

invention" as VOI requested, DePuy improperly limits its answer by stating only that its alleged

invention "was conceived and reduced to practice **_not later than_** February 24, 2006" (emphasis

added)—i.e., the date the patent application that later matured into the '921 Patent was filed with

the USPTO. DePuy's answer also omits much of the information requested in this Interrogatory,

such as: identifying each asserted claim of the '921 patent, all facts relating to conception and

reduction to practice for each asserted claim; the identity of any actual physical embodiment of

the claims that were reduced to practice, the identity of any constructive reduction to practice, and

all persons involved in or who witnessed the conception and/or reduction to practice.

Discovery regarding the conception and reduction to practice of the alleged inventions

disclosed and claimed in the patent-in-suit is indisputably highly relevant, particularly to the issue

of validity. This information is typically produced fairly early in patent cases. For example, certain

judicial districts that have adopted Patent Local Rules ("PLR") require patentees to produce

documents concerning conception and reduction to practice not later than 14 days after the Initial Scheduling Conference.  *See, e.g.,* W.D. Pa. LPR 3.1.  Indeed, this information is well within DePuy's possession, if it exists, so there is no excuse for delay.

This discovery should not be limited in time to the date of the patent application, as DePuy has improperly done.  For this reason, certain patent local rules require the production of "all documents evidencing the conception [and] reduction to practice . . . of each claimed invention, which were created on *or before* the date of application for the patent in suit. . . ." N.D. Cal. PLR 3-2(b) (emphasis added); W.D. Pa. PLR 3.1 (same).

Further, it is fundamentally backwards, and improper, for DePuy to agree to supplement its response only "after VOI discloses its invalidity contentions."  As stated above, the requested information is relevant to the issue of validity.  It will provide the basis upon which VOI's invalidity contentions will be raised.  Indeed, it provides the measuring stick for determining what is and is not prior art for use in analyzing invalidity.  VOI cannot reasonably conduct this analysis until it knows this start date for measuring prior art and the basis upon which any early priority claim is made so that it can assess the strength of any claim to an earlier priority date.  Therefore, DePuy should be ordered to respond fully to this interrogatory immediately.  Indeed, other judicial districts' patent local rules have recognized that the patentee should produce information on conception and reduction to practice before the defendant discloses its invalidity contentions.  *See, e.g.*, N.D. Cal. PLR 3-2(b) and 3-3 (invalidity contentions due 45 days after patentee's production of documents regarding conception and reduction to practice); W.D. Pa. PLR 3.1 and 3.4(a) (invalidity contentions due 30 days after patentee's production of conception and reduction to practice documents).  DePuy should be ordered to do the same in this case.  In fact, this is the very procedure that VOI has proposed adopting in the proposed schedule submitted in this case

9

(and with which DePuy has provided no legitimate reason to disagree).  *See* DE 25-1 at 1-2 and 17-20.

While DePuy has proposed supplementing its response by May 31, 2019 (*see* Ex. G at 2), that date is much too late given that VOI's proposed deadline for serving Invalidity Contentions is also May 31, 2019.  *See* Proposed Schedule (DE 25-1).  This information should be provided immediately, and in any event well in advance of VOI's invalidity contentions.

### B.   DePuy's Answer to Interrogatory No. 2 is Deficient.

DePuy's response improperly relies on Rule 33(d).  In addition, DePuy's response is incomplete, as it fails to identify the date that DePuy began marking its products with the '921 Patent number, the extent of any time periods during which any of DePuy's products were not marked, and the reasons why any of DePuy's products were not marked during any such time periods.  DePuy has provided no justification for failing to include this relevant information in its answer.  Nor does it explain why it needs until September 20, 2019 to provide this basic factual information.  *See* Ex. G at 2 (offering to supplement by September 20, 2019).

### C.   DePuy's Answer to Interrogatory No. 3 is Deficient.

As an initial matter, in addition to improperly relying on Rule 33(d), DePuy's answer to Interrogatory No. 3 also does not comply with Rule 33(b)(3) because it contains no substantive information whatsoever.  *See* Fed. R. Civ. P. 33(b)(3) (requiring that each interrogatory be "answered separately and fully in writing under oath"); *see also THX, Ltd. v. Apple, Inc.*, 2016 WL 2899506, at *6 (N.D. Cal. May 13, 2016) ("An answer to an interrogatory should be complete in itself and should not refer to the pleadings or other documents."); *see also* Wright & Miller, 8B Federal Practice & Procedure, Sec. 2177 (3d ed.) ("[I]nterrogatories should be answered directly and without evasion in accordance with information that the answering party possesses after due

inquiry.  Simply referring to pleadings or other discovery is frequently found insufficient.") (citing

cases).  These well-settled requirements are memorialized in this Judicial District's discovery

guidelines:

> Interrogatory Responses.  A party and counsel ordinarily have complied with their
> obligation to respond to interrogatories if they have: (a) Responded to the
> interrogatories within the time set by the governing rule, stipulation, or court
> ordered extension; (b) Conducted a reasonable inquiry, including a review of
> documents likely to have information necessary to respond to interrogatories; (c)
> Objected specifically to objectionable interrogatories; (d) Provided responsive
> answers; and, (e) Submitted the answers under oath, signed by the appropriate
> party representative.
>
> * * * * *
>
> [C]ounsel are reminded, as provided Rule 37(a)(3), Federal Rules of Civil
> Procedure, that for purposes of discovery sanctions, "an evasive or incomplete
> answer is to be treated as a failure to answer.

M.D. Fla. Discovery Handbook § IV.B.3(a)-(e) and VI.C.3.  DePuy's response to Interrogatory

No. 3 is entirely non-responsive, and comes nowhere close to satisfying Rule 33.  In addition,

DePuy's responses to Interrogatory Nos. 4-6 and 11-13 similarly contain no substantive answer,

and are therefore deficient under Rule 33(b) for the reasons stated above.

Interrogatory No. 3 seeks information regarding DePuy's sales, which are relevant to at

least the issues of patent validity and damages.  *See, e.g., Chubb Integrated Systems Ltd. v. National Bank

of* Washington, 103 F.R.D. 52, 57 (D.D.C. 1984) ("Chubb's sales are relevant to its commercial

success and therefore relevant to defendants' claim of obviousness."); *Hilton v. Int'l Perfume Palace,

Inc.*, 2013 WL 5676582, at *7 (E.D.N.Y. Oct. 17, 2013) (stating that plaintiffs should provide "sales

and profits before and after defendants' breach" in order to quantify the amount of lost profits).

DePuy does not dispute the relevance of this information, and indicated it will likely rely on a lost

profits measure of damages, but is refusing to provide anything responsive in a reasonable time.

During the parties' meet and confer, DePuy represented that it typically takes a substantial amount of time to collect sales information and proposed supplementing its answer to Interrogatory No. 3 by June 1, 2019. (*See* Ex. I; *see also* Ex. G at 2.) VOI challenged the accuracy of DePuy's representation that collecting this information would require a substantial amount of time, and suggested that it is likely available from a centralized database and can be generated quickly. Indeed, VOI will be producing its own information regarding sales of the Accused Products within 30 days of DePuy's request. DePuy had no response or knowledge of how long it would actually take to retrieve sales information, and thus provided no basis for its assertion that providing it before June would be unduly burdensome. (*See* Ex. I.) Rather, DePuy relied solely on the agreed-upon fact discovery deadline of January 24, 2020 to suggest that waiting until June to produce this information was reasonable, regardless of its legal obligation under the Federal Rules to produce this information much earlier.

### D. DePuy's Answer to Interrogatory No. 4 is Deficient.

This interrogatory seeks DePuy's damages theories and calculations. DePuy's response improperly relies on Rule 33(d), and fails to provide any substantive information whatsoever in violation of Rule 33(b). DePuy is obligated to respond to this interrogatory to the best of its ability with the information now available to it. DePuy's objection that "VOI has not provided discovery concerning the Accused Products or VOI's sales of such products"[2] is no excuse to refuse to answer this interrogatory at this time. For example, in *THX, Ltd. v. Apple, Inc.*, the Northern

---

[2] Moreover, at the time DePuy served its interrogatory responses on February 15, 2019, VOI had not yet provided discovery concerning the Accused Products because such discovery was not yet due (it was due on February 19, 2019 and was produced on that date), and VOI had not yet provided discovery concerning its sales of the Accused Products because DePuy had not yet sought such discovery (DePuy's first document requests for VOI's sales information was served on February 21, 2019). As stated above, VOI will produce sales information regarding the Accused Products by March 25, 2019.

District of California ordered the plaintiff to supplement its insufficient answer to the defendant's interrogatory concerning damages, rejecting the plaintiff's argument that "its initial damages disclosure and response to [the interrogatory] are sufficient at this early stage in the case, and that a detailed calculation of damages is premature because it has not received certain Apple documents." *THX*, 2016 WL 2899506, at *7. *See also Mobile Storage Technology, Inc. v. Fujitsu Ltd.*, 2010 WL 1292545, at *1 (N.D. Cal. Mar. 31, 2010) (granting defendant's motion to compel further response to interrogatory seeking "the factual basis for plaintiff's damages claim" and requiring that "plaintiff MST shall provide the factual basis for its damages claim, the identification of all facts to support its damages theories, and any factual information underlying the *Georgia-Pacific* factors"); *Glaxosmithkline LLC and Smithkline Beecham (Cork) Ltd. v. Teva Pharmaceuticals USA, Inc.*, Case No. 1:14-cv-00878-LPS-CJB (D.I. 101) (D. Del. Jan. 28, 2016) (ordering plaintiff to supplement its response to interrogatory "relating to [plaintiff's] claim for lost profits damages" by providing "a meaningful articulation of the bases for GSK's contention that it is entitled to such damages").

Moreover, in this and several other responses, DePuy apparently attempts or intends to use the Case Management Report and Proposed Schedule (DE 25) as an excuse to not answer legitimate discovery, including by objecting to the discovery as prematurely seeking expert opinions. (*See also, e.g.*, responses to Interrogatory Nos. 8, 9, 10, and 13.) This is not a legitimate basis to fail to provide discovery responses now, especially in the context of this lawsuit where DePuy is refusing to abide by any patent local rules (*see* DE 25-1 at 7-10) that would dictate the timing and provision of information and the scope and content of that information. *See THX*, 2016 WL 2899506, at *7 ("Courts in this district have compelled patent plaintiffs to provide the factual bases for their damages claim through initial disclosures and written discovery, over

13

protestations that responsive information will be forthcoming through expert reports."). Nor is VOI seeking those expert opinions at this time.

To be sure, DePuy was obliged to have a Rule 11 basis for the allegation in the Complaint that it has been damaged by VOI's alleged actions. *See, e.g., THX*, 2016 WL 2899506, at *7 (ordering plaintiff to supplement deficient interrogatory response regarding damages theories and calculations and noting that, "THX, as the plaintiff, was responsible for pre-filing investigation under Rule 11, and must have some basis for its claim for damages."); *Brandywine Commc'ns Techs., LLC v. Cisco Sys. Inc.*, 2012 WL 5504036, at *2 (N.D. Cal. Nov. 13, 2012) ("[Rule 26] initial disclosures does not require a full exposition of the type required at trial or in an expert report but it does expressly require an initial computation and disclosure of the evidence that will be relied on to the full extent the patent plaintiff could or should know of it in the exercise of the type of pre-suit diligence required by Rule 11"); *Eon Corp. IP Holding LLC v. Sensus USA Inc.*, 2013 Wl 3982994, at *1 (N.D. Cal. Mar. 8, 2013) (noting that plaintiff must have a basis for damages when it files suit).

DePuy supplemented its answer to this interrogatory on March 5, 2019. *See* Ex. J at 13-15. DePuy's supplemental answer, however, is still inadequate, as it maintains DePuy's improper objections, merely recites legal theories and standards, and provides no factual information. VOI is entitled to know any and all information currently in DePuy's possession, custody, or control regarding the ***factual basis*** upon which DePuy's theories are derived.

### E.  DePuy's Answers to Interrogatory Nos. 5 and 6 are Deficient.

Interrogatory No. 5 seeks basic information about the first public use, sale, and/or offer for sale of any TPLO product embodying any claim of the '921 Patent. Interrogatory No. 6 seeks basic information about the named inventors and any other individuals with whom they worked

with respect to the development of the subject matter claimed in the '921 Patent.  DePuy's objection that these interrogatories seek irrelevant information should be rejected out of hand. Information regarding first public uses, sales, or offers for sale is unquestionably relevant to the issue of invalidity—specifically, for purposes of determining whether a prior public use, public knowledge, or on sale bar defense under pre-AIA 35 U.S.C. § 102 may exist.  *See* 35 U.S.C. § 102 ("A person shall be entitled to a patent unless — (a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, or (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States….").  And information regarding the named inventors is also clearly relevant to invalidity—specifically, for the purpose of assessing whether an improper inventorship defense under 35 U.S.C. § 256 may be appropriate.

Incredibly, DePuy did not provide any substantive responses to these interrogatories. Instead, DePuy improperly relied on Rule 33(d) without producing any documents or specifying the records where the information can be found.

While DePuy has proposed supplementing its responses to Interrogatory Nos. 5 and 6  by May 31, 2019 (*see* Ex. G at 2), that date is much too late given that VOI's proposed deadline for serving Invalidity Contentions is also May 31, 2019.  *See* Proposed Schedule (DE 25-1).  This information should be provided as soon as possible, and in any event well in advance of VOI's invalidity contentions.  Moreover, DePuy has provided no justification for withholding this basic factual information until May 31—more than 100 days after this information was actually due and 200 days after the Complaint was filed in this action.

### F.  DePuy's Answer to Interrogatory No. 7 is Deficient.

This interrogatory seeks basic information about the circumstances in which DePuy first became aware of VOI's Accused Products.  DePuy's response fails to provide the vast majority of the information sought by the interrogatory—for example, the date DePuy first learned of the VOI Accused Products, the identities of the individuals involved in the discovery, a description of how the discovery was made, identifying the specific VOI Accused Products that were discovered, and describing any conclusions reached and when they were reached.  The requested information is relevant at least to VOI's defense of equitable estoppel.

Further, there is no basis for DePuy's objection to this interrogatory as "premature because VOI has not disclosed any contentions."  The circumstances in which DePuy first became aware of the Accused Products are facts uniquely within DePuy's knowledge, possession, custody, and control and do not depend on any contentions VOI will assert.

DePuy has offered to supplement its response to this interrogatory by July 1, 2019 (*see* Ex. G at 2), yet has provided no credible explanation as to why it will take 166 days after being served with this interrogatory, and 230 days after filing suit, to fully answer it.  This is an unreasonable amount of time to wait for this basic information.  Indeed, given that DePuy delayed bringing this action, no doubt memories are fading, documents are gone due to the passage of time, and any further delay would exacerbate this problem.

### G.  DePuy's Answer to Interrogatory No. 8 is Deficient.

This interrogatory seeks the factual basis for DePuy's request for a permanent injunction. DePuy's conclusory response improperly relies on Rule 33(d) and fails to provide the requested information.  For example, DePuy's response states that "VOI's infringement of the '921 Patent has caused DePuy Synthes to lose, at least, sales and market share."  The response does not

elaborate further on the volume of sales or amount of market share DePuy has allegedly lost.  Nor does DePuy attempt to explain how it has allegedly suffered "irreparable harm that cannot be adequately compensated with monetary damages."  Moreover, DePuy improperly relies on Rule 33(d) without producing any documents or specifying the records where the information can be found.  Accordingly, DePuy's answer – which barely does more than recite the legal standard for preliminary injunctions – is largely nonresponsive.

Just as DePuy was required to have a Rule 11 basis for alleging that it has been damaged (*see THX*, 2016 WL 2899506, at *7, *Brandywine*, 2012 WL 5504036, at *2, and *Eon Corp.*, 2013 Wl 3982994, at *1, *supra*), DePuy presumably must also have had some good faith factual basis to request a permanent injunction.  VOI is entitled to all of the information currently in DePuy's possession, custody, and control relating to this topic.

### H.  DePuy's Answer to Interrogatory No. 9 is Deficient.

DePuy's response to this interrogatory, which seeks basic information about any secondary considerations of non-obviousness, is conclusory, improperly relies on Rule 33(d), and fails to provide any basis for DePuy to assert commercial success, long-felt need, unexpected results, teaching away, copying, failure of others, industry praise, and skepticism of others.

As explained with regard to Interrogatory No. 4, it is no excuse to delay responding based on the proposed schedule for expert discovery.  Indeed, DePuy should be able to provide some evidence of at least its own purported commercial success and industry praise (if it exists) without the need for expert discovery or any contentions or disclosures from VOI.  Such information is purely factual in nature and is within DePuy's knowledge, possession, custody, and control.  VOI is entitled to all of the information currently in DePuy's possession, custody, and control relating to this topic.

17

DePuy has offered to supplement its response to this interrogatory by August 1, 2019 (*see* Ex. G at 2), yet has provided no credible explanation as to why it will take nearly 200 days after being served with this interrogatory, and more than 260 days after filing this lawsuit, to fully answer it. This is an unreasonable amount of time to wait for this basic information.

## I.   DePuy's Answer to Interrogatory No. 10 is Deficient.

This interrogatory requests that DePuy identify all of the DePuy products that it contends are covered by the '921 Patent and to provide a claim chart that depicts how each product meets the elements of the claims of the '921 patent. DePuy's response improperly relies on Rule 33(d) and fails to provide all of the requested information. For example, DePuy listed 12 products that are purportedly covered by the '921 Patent, but then states that, "to the extent that other products are covered by one or more claims of the '921 Patent, it is not under any legal obligation to make such a determination." During the parties' February 26th meet and confer, however, DePuy confirmed that the 12 products listed in the interrogatory answer are the only DePuy products that DePuy believes are covered by the '921 Patent. (*See* Ex. I.) If this is the case, DePuy should provide a supplemental answer under oath that states this. DePuy also failed to provide the requested claim charts that describe and depict, on an element-by-element basis, how each DePuy product meets the limitations of one or more claims of the '921 Patent.

While DePuy has offered to supplement its response by July 1, 2019,[3] it is not clear why DePuy needs four months to undertake an analysis that it necessarily must have already completed in order to conclude and legally claim for patent marking purposes that the 12 listed products were

---

[3] DePuy provided a supplemental answer to Interrogatory No. 10 on March 5, 2019. *See* Ex. J at 26-27. DePuy's supplemental answer, however, merely cites DePuy's physical samples by Bates number, and thus is still deficient for the reasons stated above. It is also not clear whether the March 5, 2019 supplemental answer is what DePuy originally intended to provide by July 1, or whether DePuy plans to further supplement July 1.

appropriate to mark with the '921 Patent number.  It is also not clear what information DePuy will be prepared to provide on July 1, as DePuy refused to commit to providing the requested claim charts during the parties' February 26th teleconference.  *See* Ex. I.

### J.   DePuy's Answer to Interrogatory No. 11 is Deficient.

This interrogatory asks DePuy to identify all prior art it was aware of (including physical products, drawings, patents, printed publications) during any proceedings before the USPTO concerning the '921 Patent.  This information is highly relevant to the issues of invalidity and unenforceability.   DePuy's boilerplate objections based on relevancy, proportionality, and burdensomeness lack merit and should be overruled.

Incredibly, DePuy did not provide a substantive response to this interrogatory.  Instead, DePuy merely cites the '921 Patent and its prosecution history, and improperly relies on Rule 33(d) without producing any documents or specifying the records containing the information.

Because the answer to this interrogatory is directly relevant to invalidity and unenforceability of the '921 Patent, VOI is entitled to know this information now, and well in advance of its own deadline for submitting invalidity contentions.  While DePuy has proposed supplementing its response by May 31, 2019 (*see* Ex. G at 2), that date is much too late given that VOI's proposed Invalidity Contentions deadline is also May 31, 2019.  *See* DE 25-1.  Moreover, DePuy has provided no justification for withholding this basic factual information until May 31— more than 100 days after it was due and 200 days after filing this lawsuit.

### K.   DePuy's Answer to Interrogatory No. 12 is Deficient.

This interrogatory asks DePuy to explain why it waited until November 12, 2018 to file this lawsuit against VOI after having advised VOI's counsel on January 2, 2014 that it was "currently evaluating" VOI's December 17, 2013 correspondence.  DePuy did not provide any

substantive response.  Further, DePuy's objection to this interrogatory "to the extent that it seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case" lacks merit; this interrogatory is plainly relevant to VOI's equitable estoppel defense, and VOI is entitled to a full substantive response.  DePuy's response that it "reserves its right to supplement its response to this Interrogatory *after VOI discloses the factual and/or legal bases for its affirmative defenses*" is also improper.  This interrogatory seeks basic factual information that is solely within DePuy's possession, custody, and control, and does not depend on any facts VOI possesses.

During the parties' meet and confer, DePuy indicated the following: (1) DePuy has not yet identified non-privileged information responsive to this Interrogatory; (2) in the event non-privileged responsive information is located, DePuy will supplement its answer to this Interrogatory "in due course"; (3) in the event no such non-privileged information is located, DePuy will not supplement its answer.  When asked when the response will be supplemented in the event non-privileged responsive information is located, DePuy would not provide a date certain or even a rough timeframe.  When asked when a privilege log would be provided in the event no non-privileged information is located, DePuy again would not provide a date certain or even a rough timeframe.  When asked when DePuy will advise whether it will even be able to supplement its answer based on any non-privileged information, DePuy would not provide a date certain.  *See* Ex. I.  This evasiveness is improper.

### L.   DePuy's Answer to Interrogatory No. 13 is Deficient.

DePuy did not provide any substantive response to this interrogatory regarding the bases for its disagreement with VOI's defenses.  Rather, its response merely refers to documents such as the patent, the file history, and the pleadings.  Answering in this manner is improper.  *See, e.g.,*

*THX, Ltd. v. Apple, Inc.*, 2016 WL 2899506, at *6 (N.D. Cal. May 13, 2016) ("An answer to an interrogatory should be complete in itself and should not refer to the pleadings or other documents."). DePuy's response also improperly relies on Rule 33(d).

During the parties' meet and confer, in an effort to narrow the parties' dispute as to this interrogatory, VOI asked whether DePuy can supplement its response now with any information in its possession, custody, or control that DePuy believes negates VOI's equitable estoppel defense – i.e., information that provides a factual basis for DePuy's disagreement with this defense. DePuy would not commit to any date certain to supplement its response based on the facts in its possession even as to this one defense. VOI is entitled to know the facts currently in DePuy's possession, custody, or control that DePuy believes negate VOI's equitable estoppel defense.

### M.  DePuy's Answer to Interrogatory No. 15 is Deficient.

This interrogatory seeks information that is critically important to DePuy's non-infringement and invalidity defenses—namely, it requests that DePuy identify all asserted claims of the '921 Patent, identify the priority date to which each asserted claim is allegedly entitled, and provide a claim chart explaining how VOI's products are allegedly covered by the asserted claims on an element-by-element basis. DePuy's response is deficient, as it improperly relies on Rule 33(d), fails to include any claim charts, fails to provide a complete and definitive listing of all asserted claims (it merely states that the Accused Products infringe "at least claim 12 of the '921 Patent"), and fails to specify a priority date (it vaguely states "the '921 patent has a priority date **at least as early as** February 24, 2006, and ***not before*** January 1, 2005") (emphasis added).

It is critical that DePuy provide a complete list of asserted claims, along with their asserted priority dates (that it has any good faith basis to assert), well before VOI's invalidity contentions are due. First, VOI needs to know what the asserted claims are so that it can determine which

claims to include in its invalidity contentions.  Second, VOI needs to know the priority date for each asserted claim so that it can determine what constitutes prior art with respect to each claim. And to the extent the various claims of the '921 Patent are different in scope, VOI may need to rely on different pieces of prior art, or different combinations of prior art, to invalidate each asserted claim.  Accordingly, it is essential that DePuy disclose this information early in the case. Indeed, certain judicial districts with patent local rules typically require patentees to disclose their infringement contentions, along with an identification of all asserted claims and their asserted priority date(s), very early in the case – for example, within 30 days of the Initial Scheduling Conference.  *See* W.D. Pa. LPR 3.2(a) and 3.2(b)(1)-(7).  And once a patentee makes these disclosures, they are essentially locked into those positions absent good cause to amend their contentions. *See* W.D. Pa. 3.8(b) (requiring leave of court "for good cause" to amend infringement contentions).

To the extent DePuy argues that it has already agreed to provide this information by June 5, 2019 as part of Plaintiffs' Disclosure of Accused Products and Infringement Contentions as set forth in the proposed schedule (DE 25-1), VOI notes that it opposes that proposed date and has instead proposed that the infringement contentions be disclosed on March 28, 2019, consistent with the timing required by local patent rules of various judicial districts.  *See* DE 25-1 at 14-16. Moreover, given that DePuy has opposed VOI's request to adopt the Western District of Pennsylvania's Patent Local Rules (or any patent local rules) for purposes of this action (*see* DE 25-1 at 7-9), it is unclear what criteria or standards, if any, DePuy's eventual Infringement Contentions will adhere to.  In fact, it is anticipated, based on DePuy's current course of conduct, that it plans to adopt a noncommittal "shifting sands" approach to avoid being locked into any position until very late in the case, to VOI's extreme detriment in trying to defend against this

action.  Accordingly, DePuy should respond to Interrogatory No. 15 in a timely fashion and be locked into its response absent relief from this Court to supplement its response/contentions on a showing of good cause.

Moreover, DePuy has no excuse for withholding its answer until June.  DePuy has had physical samples of certain of VOI's Accused Products since 2013 (*see* Ex. C to Complaint (DE 1)), and thus has had more than five years to analyze them for purposes of determining which patent claims to assert.  In addition, VOI produced 48 different physical samples to DePuy on February 19, 2019 which are largely redundant with the products DePuy has already had for six years (to the extent they are relevant at all).  And DePuy has already retained and disclosed a technical expert in this case.  Between DePuy's outside counsel, in-house counsel, engineers and named inventors, and retained technical expert, there is simply no reason DePuy cannot provide the answer to this Interrogatory immediately, and much sooner than June.

III.   **VOI is Prejudiced by DePuy's Failure to Respond.**

During the February 26th meet and confer, DePuy went so far as to ask how VOI would be prejudiced by receiving supplemental interrogatory answers in June, July, August, and September.  As VOI explained during the meet and confer, the Federal Rules require the timely production and disclosure of information by a date certain, regardless of whether or not the requesting party is prejudiced by the producing party's untimely disclosure.  In any event, DePuy's untimely disclosure of critical information pertinent to VOI's defenses will severely prejudice VOI's ability to timely develop its defenses, prepare its invalidity contentions, and depose key DePuy's employees in a timely manner and on a schedule acceptable to VOI.

DePuy will likely argue, as it has asserted in meet and confers and in correspondence with VOI, that its supplemental interrogatory answers will be provided before September 2019 – four

months before the close of fact discovery – and thus VOI will have four months to conduct fact depositions after receiving DePuy's supplemental answers.  This misses the point.  DePuy cannot circumvent the Federal Rules and unilaterally dictate what date is "appropriate" to provide discovery, try to usurp VOI's timely development of its own defenses to this case, or control the timeframes in which VOI chooses to depose DePuy's employees, by withholding key relevant documents, information, and disclosures until some date many months from now.

**IV.**   **VOI Is Entitled to an Award of Reasonable Expenses.**

VOI is entitled to an award of reasonable expenses, including attorneys' fees, incurred in bringing this Motion.  *See* Fed. R. C. P. 37(a)(5)(A) (requiring the party whose conduct necessitated the motion "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" if the motion is granted "or if the disclosure or requested discovery is provided after the motion was filed"); *see also Maddow v. Proctor & Gamble Co.*, 107 F.3d 846, 853 (11th Cir. 1997) (same).  Further, "[i]f the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  Fed. R. Civ. P. 37(a)(5)(C).  As discussed above, DePuy's failure to respond is not substantially justified, and there are no conceivable circumstances that would make it unjust for DePuy to reimburse VOI for making this motion.

<u>**CONCLUSION**</u>

For the foregoing reasons, DePuy should be ordered to: (1) fully answer VOI's Interrogatory Nos. 1-13 and 15 within 14 days; and (2) pay VOI's reasonable expenses, including attorneys' fees, incurred in bringing this Motion.

24

## RULE 3.01(g) CERTIFICATION

Pursuant to L.R. 3.01(g), I hereby certify that counsel for the movant has conferred with opposing counsel in a good faith effort to resolve the issues raised by this motion. Counsel have been unable to agree to a resolution of the motion.

## REQUEST FOR TELEPHONIC ORAL ARGUMENT

Pursuant to L.R. 3.01(i)-(j), VOI respectfully requests a telephonic oral argument. VOI estimates that the parties will need 90 minutes to address the issues raised in this Motion.[4]

Date: March 12, 2019

Respectfully submitted,

FOX ROTHSCHILD, LLP
777 S. Flagler Drive
Suite 1700 - West Tower
West Palm Beach, FL 33401
Tel: (561) 835-9600
Fax: (561) 835-9602

By: */s/ Megan A. McNamara*
Megan A. McNamara
Florida Bar No. 112636
Email: mmcnamara@foxrothschild.com

-AND-

By: */s/ Jeff E. Schwartz*
Jeff E. Schwartz (*pro hac vice*) (Trial Counsel)
District of Columbia Bar No. 442804
Austen C. Endersby (*pro hac vice*)
District of Columbia Bar No. 230747
FOX ROTHSCHILD LLP
1030 15th St. NW, Suite 380 East
Washington, DC 20005
Tel: (202) 461-3118

---

[4] VOI estimates that the parties will need approximately 30 minutes to address the issues raised in the concurrently filed Motion to Compel Plaintiffs to Timely Produce Documents Responsive to VOI's Requests for Production, for a total telephonic hearing time of approximately two hours.

Email: jeschwartz@foxrothschild.com
       aendersby@foxrothschild.com

James E. Doroshow (*pro hac vice*)
California Bar No. 112920
Ashe P. Puri (*pro hac vice*)
California Bar No. 297814
FOX ROTHSCHILD LLP
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Email: jdoroshow@foxrothschild.com
       apuri@foxrothschild.com

*Attorneys for Defendant*
*Veterinary Orthopedic Implants, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on **March 12, 2019**, I served the foregoing document via CM/ECF and via email on all of the individuals identified on the below Service List.

/s/ Megan A. McNamara
Megan A. McNamara

## SERVICE LIST

### CASE NO. 3:18-cv-01342-HES-PDB

**R. TROY SMITH, ESQ.**
GRAY ROBINSON P.A.
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
Telephone: 904.598.9929
Facsimile:  904.598.9109
Email: troy.smith@gray-robinson.com

*Attorney for Plaintiffs*

**MATTHEW J. BECKER, ESQ.** (*pro hac vice*)
**EDWARD M. MATHIAS, ESQ.** (*pro hac vice*)
**MATTHEW MURPHY, ESQ.** (*pro hac vice*)
**REBECCA L. CLEGG, ESQ.** (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Telephone: 860.275.8100
Facsimile:   860.275.8101
Email: mbecker@axinn.com
        tmathias@axinn.com
        mmurphy@axinn.com
        rclegg@axinn.com

*Attorney for Plaintiffs*