United States District Court
Middle District of Florida
Jacksonville Division

**DEPUY SYNTHES PRODUCTS, INC.,**
**& DEPUY SYNTHES SALES, INC.,**

      *Plaintiffs,*

v.                                 **NO. 3:18-cv-1342-J-20PDB**

**VETERINARY ORTHOPEDIC IMPLANTS, INC.,**

      *Defendant.*

---

## Order

Before the Court is the plaintiffs' unopposed motion to file under seal an unredacted version of their response in opposition to the defendant's motion to compel. Doc. 40. They explain the information sought to be sealed concerns their competitive strategies, their internal market analyses, and their product pricing and sales. Doc. 40 at 3. They contend the information sought to be sealed is "commercially sensitive" and its disclosure would provide their competitors a "significant economic advantage." Doc. 40 at 3–4. They contend sealing beyond the default one-year period—to the end of the case or any appeal—is warranted because of the "highly sensitive nature of the information." Doc. 40 at 4.

Court operations and judicial conduct are "matters of utmost public concern." *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978). "The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). That right—and a presumption of public access that goes with it—does not apply to material filed with discovery motions. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245–46 (11th Cir. 2007). A court may protect that material for good cause, i.e., "a sound basis or

legitimate need to take judicial action." *In re Alexander Grant & Co. Lit.*, 820 F.2d 352, 356 (11th Cir. 1987); *accord* Fed. R. Civ. P. 26(c).

The information sought to be sealed has been provided not to resolve a merits issue but to resolve a discovery dispute. The good-cause standard applies, and the presumption of public access does not. The plaintiffs provide good cause. *See* Doc. 40 at 3–4.

The Court:

(1)      **grants** the motion, Doc. 40;

(2)      **directs** the plaintiffs to mail or hand-deliver an unredacted copy of the response in opposition to the defendant's motion to compel, Doc. 41, to the clerk with a copy of this order by **April 19, 2019**; and

(3)      **directs** the clerk to file the unredacted copy of the response in opposition to the defendant's motion to compel under seal until the close of the case or any appeal, whichever is later, or upon an order directing unsealing.

**Ordered** in Jacksonville, Florida, on April 9, 2019.

_____

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:      Counsel of Record