UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEPUY SYNTHES PRODUCTS, INC.   Civil Action No.: 3:18-cv-01342-HES-PDB
and DEPUY SYNTHES SALES, INC.

    Plaintiffs,

v.

VETERINARY ORTHOPEDIC
IMPLANTS, INC.

    Defendant.
_____/

# PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND REQUEST FOR SANCTIONS

Pursuant to Fed. R. Civ. P. 37 and L.R. 3.04(a), Plaintiffs DePuy Synthes Products, Inc. and DePuy Synthes Sales, Inc. (collectively "Synthes") hereby move for entry of an order compelling Defendant Veterinary Orthopedic Implants, Inc. ("VOI") to produce documents responsive to Plaintiffs' Request for Production Nos. 3, 5, 7, 9, and 91-93. Synthes also seeks recovery of the attorneys' fees and expenses necessitated by this motion pursuant to Fed. R. Civ. P. 37(a)(5). In support of this Motion to Compel ("Motion"), Synthes says.

## I.    BACKGROUND

Synthes filed this case on November 12, 2018, alleging that defendant VOI infringes U.S. Patent No. 8,523,921, entitled "Tibial Plateau Leveling Osteotomy Plate" ("the '921 patent"). The '921 patent is directed to surgical plates and kits that include plates, screws, and associated veterinary equipment and consumables. The plates and kits are used in tibial leveling osteotomy procedures, which include what are known as TPLO and CBLO

procedures. These procedures stabilize the hind leg of an animal after its cruciate ligament has degraded. In late 2019, about a year after Synthes initiated this lawsuit, VOI began marketing on its website a newly-named line of TPLO plates, which it refers to as NXT TPLO plates. An excerpt from VOI's website depicting its newly-named line of NXT TPLO Plates is attached as Exhibit A. The depiction below shows a side-by-side comparison of a NXT TPLO plate offered for sale on VOI's website[1] and one of VOI's ELITE TPLO plates,[2] which is already accused of infringement in this case.



**FIG. 1 of '921 patent**   **NXT TPLO plate**   **ELITE TPLO plate**

The product literature for the NXT TPLO plate describes it as a modification of the Elite TPLO plates that are already the subject of this lawsuit. For example, VOI's website states that "Like the Elite TPLO plate, the NXT TPLO plate doesn't need to be tilted like conventional plates in order for the proximal portion of the plate to get the best bone purchase." Ex. H (depicting

---

[1] *See* https://vetimplants.com/1-5mm-nxt-tplo-plate-double-threaded-locking-holes-right/ (accessed February 7, 2020).
[2] *See* https://vetimplants.com/voi-elite-1-5mm-locking-tplo-plate-left/ (accessed February 20, 2020).

an excerpt from VOI's 2019 product catalog). VOI also describes its NXT TPLO plates as "THE NEXT ADVANCEMENT in the most widely accepted TPLO Plate on the market!" *Id*.

Upon discovering VOI's new line of NXT TPLO plates, counsel for Synthes contacted counsel for VOI and requested that VOI produce "full design information" on the plates so Synthes could evaluate whether they infringe the '921 patent. *See* Ex. B (email from J. Sheasby to counsel for VOI dated November 28, 2019). VOI refused, despite the fact that the requested documents are responsive to at least RFP Nos. 3, 5, 7, and 9, which were served on January 18, 2019. *See id*.

VOI instead instructed: "[p]lease feel free to send us a discovery request, for this information, if you so choose." *Id*. (email from A. Endersby to counsel for Synthes dated December 24, 2019). In accordance with VOI's request and in view of its refusal to supplement its discovery responses as required by the Rules, Synthes served RFP Nos. 91-93 on January 3, 2020, which are expressly directed to documents and communications relating to the design and manufacture of VOI's new NXT TPLO plates. After receiving the request, VOI refused to produce any documents relating to the new plates, claiming that the parties had previously agreed to no post-complaint discovery (no such agreement was ever reached). This is an extreme form of gamesmanship.

## II. SUMMARY

VOI refuses to produce any documents at all relating to its newly-marketed NXT line of plates. These documents are responsive to at least Synthes's Requests for Production Nos. 3, 5, 7, 9, and 91-93. The requested documents are within VOI's control, and are undoubtedly relevant to Synthes's claim for patent infringement. VOI's refusal to comply with its discovery

obligations in this case is unjustified. Therefore, Synthes requests the Court to enter an order compelling VOI to fully respond to Synthes's discovery requests and awarding Synthes its attorneys' fees in connection with bringing this Motion.

III. **MEMORANDUM OF LAW**

Motions to compel under Federal Rule of Civil Procedure 37 are committed to the sound discretion of the trial court. *See Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *See id*. A party is entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Courts construe relevancy broadly. *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

IV. **DOCUMENT REQUESTS AT ISSUE**

Pursuant to Local Rule 3.04(a), Synthes includes below full quotations of each document production request for which it currently seeks an Order compelling a response. Also included below are VOI's responses to the requests. Complete copies of VOI's responses to the relevant discovery requests are attached as Exhibits C and D.

**Synthes's Request for Production No. 3**

Two (2) samples of each plate VOI has sold on or after September 3, 2013 (1) that has at least three screw holes, (2) that has a surface that, at least in part, can be implanted against bone in a TPLO procedure, and (3) where a portion of that surface lies on a different plane than another portion of that surface.

**VOI's Response to Request for Production No. 3**

VOI incorporates by reference the foregoing General Objections as if fully stated herein. VOI further objects to the extent this request is overly broad and seeks the production of duplicative samples and/or information. Further, VOI objects to the extent this request is disproportionate to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and to the extent the burden or expense of the proposed discovery outweighs its likely benefit. VOI further objects to this request to the extent it seeks the production of samples or information that is duplicative or cumulative of samples or information sought in Request Nos. 1 and 2. VOI further objects to this request to the extent the phrase "where a portion of that surface lies on a different plane than another portion of that surface" is vague and ambiguous. In addition, VOI objects to the extent this request seeks the production of information that is not relevant to the claims or defenses of any party. VOI further objects to the extent this request seeks the production of documents or things that are not within VOI's possession, custody, or control. VOI is willing to meet and confer with DePuy regarding the scope of this request, particularly in view of DePuy's own responses to similar requests from VOI. Subject to and without waiver of the foregoing objections, VOI responds as follows: VOI is producing physical samples responsive to this request within its possession, custody, and control contemporaneously herewith.

**Synthes's Request for Production No. 5**

All documents and things sufficient to show the specifications and schematics for any product sample covered by Requests for Production Nos. 2 or 3.

**VOI's Response to Request for Production No. 5**

VOI incorporates by reference the foregoing General Objections and the foregoing Specific Objections to Request Nos. 2 and 3 as if fully stated herein. VOI further objects to the extent this request seeks information that is duplicative and cumulative of information sought in Request Nos. 1-4. VOI further objects to the extent this request seeks the production of documents or things that are not within VOI's possession, custody, or control. Subject to and without waiver of the foregoing objections, VOI responds as follows: VOI is producing non-privileged, responsive documents within its possession, custody, and control contemporaneously herewith.

**Synthes's Request for Production No. 7**

All operation manuals, user manuals, or instructions for any product sample covered by Requests for Production Nos. 2 or 3.

**VOI's Response to Request for Production No. 7**

VOI incorporates by reference the foregoing General Objections and the foregoing Specific Objections to Request Nos. 2 and 3 as if fully stated herein. VOI further objects to the extent this request seeks the production of information that is duplicative or cumulative of information sought in Request No. 6. VOI further objects to the extent this request seeks the production of documents or things that are not within VOI's possession, custody, or control. Subject to and without waiver of the foregoing objections, VOI responds as follows: VOI is producing non-privileged, responsive documents within its possession, custody, and control contemporaneously herewith.

**Synthes's Request for Production No. 9**

All product literature, including but not limited to marketing materials and data sheets, for any product sample covered by Requests for Production Nos. 2 or 3.

**VOI's Response to Request for Production No. 9**

VOI incorporates by reference the foregoing General Objections and the foregoing Specific Objections to Request Nos. 2 and 3 as if fully stated herein. VOI further objects to the extent this request seeks the production of information that is duplicative or cumulative of information sought in Request No. 6-8. Subject to and without waiver of the foregoing objections, VOI responds as follows: VOI is producing non-privileged, responsive documents within its possession, custody, and control contemporaneously herewith.

**Synthes's Request for Production No. 91**

All documents concerning the design of VOI's NXT TPLO plates.

**VOI's Response to Request for Production No. 91**

VOI incorporates by reference the foregoing General Objections as if fully stated herein. VOI further objects on the grounds that this Request seeks information that is not relevant to the claims or defenses of any party. In addition, VOI objects on the grounds that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case. Indeed, the NXT TPLO plates are not among the Accused Products that DePuy was explicitly required to include in its Amended Complaint, and therefore are not part of this case. See Transcript of April 17, 2019 Preliminary Pretrial Conference at 46:19-47:13, 49:9-13, 50:9-13, 52:16-19, 64:3-4, 65:5-9; see also Case Management and Scheduling Order (Doc. 87), at p. 3, n.2 ("Any Amended Complaint shall include a list of accused products and asserted claims.").

In addition, VOI objects to the Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege or work product doctrine. VOI also objects to the extent this Request seeks the production of documents that are not within VOI's possession, custody, or control. VOI further objects to this Request on the grounds that it seeks the production of documents that post-date the filing of the Complaint in this matter. The parties have agreed that they generally need not produce documents that were created on or after the date the Complaint was filed (November 12, 2018).

### Synthes's Request for Production No. 92

Documents sufficient to show the specifications and schematics of VOI's NXT TPLO plates.

### VOI's Response to Request for Production No. 92

VOI incorporates by reference the foregoing General Objections as if fully stated herein. VOI further objects on the grounds that this Request seeks information that is not relevant to the claims or defenses of any party. In addition, VOI objects on the grounds that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case. Indeed, the NXT TPLO plates are not among the Accused Products that DePuy was explicitly required to include in its Amended Complaint, and therefore are not part of this case. See Transcript of April 17, 2019 Preliminary Pretrial Conference at 46:19-47:13, 49:9-13, 50:9-13, 52:16-19, 64:3-4, 65:5-9; see also Case Management and Scheduling Order (Doc. 87), at p. 3, n.2 ("Any Amended Complaint shall include a list of accused products and asserted claims."). VOI also objects to the extent this Request seeks the production of documents that are not within VOI's possession, custody, or control. VOI further objects to this Request on the

grounds that it seeks the production of documents that post-date the filing of the Complaint in this matter. The parties have agreed that they generally need not produce documents that were created on or after the date the Complaint was filed (November 12, 2018).

**Synthes's Request for Production No. 93**

All communications concerning the design and manufacture of VOI's NXT TPLO plates.

**VOI's Response to Request for Production No. 93**

VOI incorporates by reference the foregoing General Objections as if fully stated herein. VOI further objects on the grounds that this Request seeks information that is not relevant to the claims or defenses of any party. In addition, VOI objects on the grounds that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case. Indeed, the NXT TPLO plates are not among the Accused Products that DePuy was explicitly required to include in its Amended Complaint, and therefore are not part of this case. See Transcript of April 17, 2019 Preliminary Pretrial Conference at 46:19-47:13, 49:9-13, 50:9-13, 52:16-19, 64:3-4, 65:5-9; see also Case Management and Scheduling Order (Doc. 87), at p. 3, n.2 ("Any Amended Complaint shall include a list of accused products and asserted claims."). In addition, VOI objects to the Request to the extent it seeks documents and/or information protected from disclosure by the attorney-client privilege or work product doctrine. VOI also objects to the extent this Request seeks the production of documents that are not within VOI's possession, custody, or control. VOI further objects to this Request on the grounds that it seeks the production of documents that post-date the filing of the Complaint in this matter. The

parties have agreed that they generally need not produce documents that were created on or after the date the Complaint was filed (November 12, 2018).

## V. ARGUMENT

In refusing to produce any documents relating to its NXT line of products, VOI raises two primary objections. First, VOI alleges that because its NXT line of products are not included in the list of Accused Products set forth in the amended complaint (Doc. S92-1, Exhibit B), VOI has no obligation to produce documents relating to their design or manufacture. This Court's requirement that Synthes submit an Accused Products list in the amended complaint was intended to define the products at issue in this litigation as of a certain date, not serve as a license for VOI to market *new* infringing products after the deadline for listing the products at issue and thereby force the filing of a new lawsuit. These delay tactics are precisely what this Court urged the parties to avoid. (*See* Doc. 148 (stating "[t]he Parties are reminded that stall tactics and unnecessary delays will not be tolerated.").)

Second, VOI submits that because the documents relating to the NXT line were created after the initial complaint was filed, their production is unnecessary in accordance with an alleged agreement between the parties that no documents created after the start of this litigation will be produced. Earlier in this case there were discussions regarding a draft electronic discovery (ESI) order and the subject of discovery of information created post-complaint came up. In that context, VOI admitted:

> [T]here will be certain documents that post-date the filing date of this lawsuit (November 12, 2018) that will need to be produced – including, for example, any licenses or similar agreements, foreign prosecution documents, cease and desist letters and threats of additional lawsuits, and/or sales/financial information, arising after the filing of the lawsuit.

10

Ex. E at 5. In response, Synthes agreed:

> DePuy Synthes agrees that the parties will likely need to produce certain documents dated after November 12, 2018, and that the parties can confer separately about the types of such documents that will be produced.

*Id.* at 4. In response, VOI stated:

> [W]e would prefer to identify now at least some of the types of documents post-dating November 12, 2018 that should be produced in this case, rather than waiting to meet and confer on this issue "as the need arises." As I mentioned in my February 19, 2019 email, VOI believes that the parties should agree that at least the following categories of documents post-dating 11/12/18 should be produced: any licenses or similar agreements, foreign prosecution documents, cease and desist letters and threats of additional lawsuits, sales/financial information.

*Id.* at 1. As is apparent from this exchange, there was no agreement about the specific post-complaint documents that would need to be produced, but both parties contemplated that there would need to be discovery of documents created after the complaint. Certainly, the parties never contemplated that VOI would be permitted to market *new* and "like" infringing plates after the filing of the complaint that would be immune from discovery in this case.

Synthes has offered to pay for the NXT plates just the same as it did with the previously produced plates. So VOI cannot claim these requests are overly broad or unduly burdensome.

The documents and plates sought by Synthes are within VOI's custody and/or control. While VOI uses a third-party manufacturer for the Accused Products, it has admitted its control over, and ability to obtain, the manufacturer's documents. *See* Hearing Transcript of April 17, 2019 at 36:11-15 (MR. SCHWARTZ: "we have a company of 45 to 50 people, and we don't have engineers that are creating engineering drawings. So when they asked for engineering drawings, we went to the manufacturer, which is not us, and got the engineering drawings."). Mr. Schwartz also confirmed that the manufacturer makes what VOI asks them to make, which

11

indicates that VOI is also in possession of documents relating to the design and manufacture of the its plates. *See id.* at 48:21.

## VI. THE DISCOVERY WILL NOT IMPACT THE PACE OF THE CASE

Because of the procedural delays created by VOI's resistance to the public disclosure of its manufacturer as a party in this case, the addition of products to the case will have no meaningful impact on the schedule. Because of defense counsel's scheduling conflicts, the Court has scheduled a claim construction hearing for June of this year. Synthes commits to seeking to amend its complaint and infringement contentions within 15 days of receipt of the design documents requested in this motion.

## VII. THE MEET AND CONFER PROCESS

On February 25th, in an effort to avoid the filing of this motion, and to allow VOI the opportunity to cure before a request for sanctions against it, Synthes provided VOI with an earlier draft of this motion. *See* Ex. G at 4-5. VOI took the position that it is improper to file this motion, because the parties had not fully met and conferred. *See id*. at 3-4. VOI asserted that it would provide the discovery requested if Synthes agreed to provided design and sales documents on an extensive list of historical Synthes plates that it claims it wants to examine to determine if they are prior art. *See id*. Synthes made clear that if VOI was prepared to identify a limited number of historical Synthes plate designs that it has a principled reason to believe are relevant prior art, Synthes would be willing to compromise. *See id*. at 3. But discovery is not a hostage negotiation. VOI has no principled basis to refuse to provide the discovery at issue in this motion.

To put this in context, the importance of this issue has not come out of left field. On January 29, 2020, Synthes asked for a meet and confer on the issue of NXT TPLO plates. *See* Ex. F; *see also* Ex. B (correspondence on the issue dating back to November, 2019). VOI did not respond until it was sent a draft of the motion.

## VIII. EXPLANATION OF REQUEST FOR FEES AND COSTS

Synthes does not believe that every motion that is filed should be accompanied by an attorneys' fees request. The issue in this motion, however, falls far outside the norm for three reasons: (a) VOI already expressly agreed to produce plate design documents (*see* Response to RFP Nos. 3, 5, 7, and 9); (b) VOI demanded that Synthes serve a specific discovery request; and then, after receiving the request, refused to produce the documents; and (c) VOI's claim that the parties agreed to no discovery on documents created after the suit is not a reasonable or good faith position in light of the record. It would be one thing for VOI to maintain in good faith that the discovery is too burdensome, or unlikely to lead to relevant information. It does not, and cannot make either of these arguments. It is another thing to demand that Synthes serve discovery when it is apparent that VOI's plan the entire time was to never produce the requested information.

## IX. CONCLUSION

Synthes respectfully requests an order compelling VOI to produce the documents and product samples responsive to Requests for Production 3, 5, 7, 9, and 91-93. Moreover, because VOI's refusal to produce the requested documents is not substantially justified, Synthes also seeks recovery of the attorneys' fees and expenses necessitated by this Motion pursuant to Fed. R. Civ. P. 37(a)(5).

## Certification Pursuant to Local Rule 3.01(g)

Pursuant to Local Rule 3.01(g), I certify that counsel for Synthes conferred with counsel for VOI, and VOI objects to the relief requested.

Dated this 2nd day of March, 2020.

GRAYROBINSON, P.A.

By: /R. Troy Smith/
R. Troy Smith
Florida Bar No. 485519
Stephen G. Anderson
Florida Bar No. 0105697
Cole Y. Carlson
Florida Bar No. 112863
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
Phone: (904) 598-9929
Facsimile: (904) 598-9109
*troy.smith@gray-robinson.com*
*stephen.anderson@gray-robinson.com*
*cole.carlson@gray-robinson.com*
*maria.daniels@gray-robinson.com*
*jessica.gonzalez@gray-robinson.com*

-and-

Jason G. Sheasby (admitted *pro hac vice*)
California Bar No.: 205455
Andrew E. Krause (admitted *pro hac vice*)
California Bar No.: 294850
Irell & Manella, LLP
1800 Avenue of the Stars, Ste. 900
Los Angeles, CA 90067-4276
Phone: (310) 203-7096
Facsimile: (310) 203-7199
*jsheasby@irell.com*
*akrause@irell.com*

**Attorneys for Plaintiffs DePuy Synthes Products, Inc. and DePuy Synthes Sales, Inc.**