# EXHIBIT C

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**CASE NO. 3:18-cv-01342-HES-PDB**

DEPUY SYNTHES PRODUCTS, INC.
and DEPUY SYNTHES SALES, INC.,

    Plaintiffs,

v.

VETERINARY ORTHOPEDIC
IMPLANTS, INC.,

    Defendant.

_____/

**DEFENDANT VETERINARY ORTHOPEDIC IMPLANTS, INC.'S OBJECTIONS
AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR THE
<u>PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-9)</u>**

    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and this Court's Local Rules, Defendant Veterinary Orthopedic Implants, Inc. ("VOI") hereby responds to Plaintiffs, DePuy Synthes Products, Inc. and DePuy Synthes Sales, Inc.'s (collectively, "DePuy") First Set of Requests for the Production of Documents and Things (Nos. 1-9), as follows:

**<u>INTRODUCTION</u>**

    As discovery has only just begun in this action, VOI reserves the right to supplement or amend these objections and responses under Fed. R. Civ. P. 26(e). The following responses reflect VOI's good faith effort to provide responsive information now known to VOI, and are based upon information and documentation that is currently available and specifically known to VOI following a reasonable and ongoing investigation, and are given without prejudice to VOI's

right to produce or rely on subsequently discovered, uncovered, or learned information and documentation.

VOI anticipates that further discovery, independent investigation, and analysis may lead to the discovery of additional documents, supply additional facts, and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes to, or variations from the information set forth herein. The following responses reflect VOI's good faith effort to provide responsive information now known to VOI, but VOI reserves the right both to supplement and amend any of the responses set forth below and to utilize at trial any further information revealed by further discovery, independent investigation, and analysis.

## GENERAL OBJECTIONS

1. VOI objects to each request, and the instructions and definitions that accompany it, to the extent that it requests information protected by the attorney-client privilege, work-product immunity, and/or other applicable privilege or immunity. The inadvertent production by VOI of any document, information, or thing protected from disclosure by the attorney-client privilege, work-product immunity, and/or other applicable privilege or immunity is unintentional, and shall not be construed as a waiver of any applicable objection or privilege.

2. VOI objects to these Requests to the extent that they seek information that is not relevant to the claims or defenses of any party.

3. VOI objects to these Requests to the extent they are disproportionate to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

    4.    VOI objects to DePuy's requests to the extent that they are vague, ambiguous, and do not identify with particularity the information sought.

    5.    VOI objects to DePuy's requests to the extent that they are overbroad or unduly burdensome in that the burden or expense of the proposed discovery outweighs its likely benefit.

    6.    VOI objects to DePuy's requests to the extent that they are unreasonably cumulative and duplicative.

    7.    VOI objects to DePuy's requests to the extent that they are unreasonably unlimited in time.

    8.    VOI objects to each request to the extent it requests VOI to identify "all" information, documents, and/or things relating to a particular subject, on the ground that such requests are overly broad and unduly burdensome.

    9.    VOI objects to each request to the extent it seeks information available through public sources, known to DePuy, or may be obtained from less burdensome sources.

    10.    VOI objects to DePuy's requests to the extent that they seek information that is not relevant to a claim or defense of any party.

    11.    VOI objects to DePuy's requests, definitions, and instructions to the extent that they attempt to impose duties upon VOI greater than those required by the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Florida, any agreements or stipulations between the parties, or any other applicable rule or law.

    12.    VOI objects to DePuy's requests to the extent that they require any information or documents beyond what is available to VOI at present from a reasonable search of its own files

or reasonable inquiry of VOI's employees or officers. VOI reserves the right to supplement its responses to DePuy's requests as well as the information and documents produced in response to these requests as discovery progresses and in accordance with the Federal Rules of Civil Procedure.

13. VOI objects to the extent that the requests prematurely seek expert discovery.

14. VOI objects to each request, and the instructions and definitions accompanying it, to the extent it calls for any legal conclusions.

15. VOI objects to the production or identification of information in the possession, custody, or control of VOI that VOI is obligated to a third party to maintain in confidence.

16. VOI objects to the requests to the extent they seek the production of documents or things that are not within VOI's possession, custody, or control.

17. VOI objects to DePuy's definition of "VOI," "Defendant," "You," and "Your" as overly inclusive, overbroad, and unduly burdensome in that it includes any person or entity who is currently or was previously affiliated with VOI, or who has ever done business with VOI, and seeks information that is not relevant to any claim or defense in this investigation.

18. VOI objects to DePuy's definition of "Current Litigation" as overly broad to the extent it includes "any matters related" to the above-captioned case.

19. VOI objects to DePuy's definition of "Complaint" to the extent it includes the term "Current Litigation," which is an overly broad term as it includes "any matters related" to the above-captioned case.

20. VOI's responses to DePuy's requests are all made subject to and without waiver of the foregoing General Objections. To the extent that VOI cites a particular General Objection

in a particular response, VOI does so because it believes that the General Objection is particularly relevant to the request but not to the exclusion of any other General Objections.

21. In responding to the requests, VOI does not concede that any of the information sought or provided is relevant, material, or admissible in evidence.

22. VOI's responses to these requests in no way constitute acquiescence or agreement to any definition proposed by DePuy.

23. To the extent VOI responds to any requests by stating that responsive documents will be produced, such statement does not constitute a representation that such documents or things exist but only that a reasonable search for such documents has been or will be made and that any relevant, responsive, non-privileged documents that VOI locates will be produced.

24. The specific responses set forth below are for the purposes of discovery only, and VOI neither waives nor intends to waive, but rather expressly reserves, any and all objections to the relevance, competence, materiality, privilege, admissibility, or use at any hearing or at trial of any information, documents, or things produced, identified, or referred to herein, or to the introduction of any evidence at the hearing relating to the subjects covered by such responses.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

1. Two (2) samples of each Accused Product in the Current Litigation.

**RESPONSE:** VOI incorporates by reference the foregoing General Objections as if fully stated herein. VOI further objects to the extent this request is overly broad and seeks the production of duplicative samples and/or information. Further, VOI objects to the extent this request is disproportionate to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and to the extent

5

the burden or expense of the proposed discovery outweighs its likely benefit.  VOI further objects to the extent this request seeks the production of documents or things that are not within VOI's possession, custody, or control.  VOI is willing to meet and confer with DePuy regarding the scope of this request, particularly in view of DePuy's own responses to similar requests from VOI.

Subject to and without waiver of the foregoing objections, VOI responds as follows: VOI is producing physical samples responsive to this request within its possession, custody, and control contemporaneously herewith.

2.     Two (2) samples of each plate VOI has sold on or after September 3, 2013 that is identical or substantially identical to any Accused Product and was sold under a different product name or product code.

**RESPONSE:** VOI incorporates by reference the foregoing General Objections as if fully stated herein.  VOI further objects to the extent this request is overly broad and seeks the production of duplicative samples and/or information.  Further, VOI objects to the extent this request is disproportionate to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and to the extent the burden or expense of the proposed discovery outweighs its likely benefit.  VOI further objects to the phrase "substantially identical to" as vague and ambiguous.  In addition, VOI objects to the extent this request seeks the production of information that is not relevant to the claims or defenses of any party.  VOI further objects to the extent this request seeks the production of documents or things that are not within VOI's possession, custody, or control. VOI is willing to meet and confer with DePuy regarding the scope of this request, particularly in view of DePuy's own responses to similar requests from VOI.

6

Subject to and without waiver of the foregoing objections, VOI responds as follows:

VOI is producing physical samples responsive to this request within its possession, custody, and control contemporaneously herewith.

3. Two (2) samples of each plate VOI has sold on or after September 3, 2013 (1) that has at least three screw holes, (2) that has a surface that, at least in part, can be implanted against bone in a TPLO procedure, and (3) where a portion of that surface lies on a different plane than another portion of that surface.

**RESPONSE:** VOI incorporates by reference the foregoing General Objections as if fully stated herein. VOI further objects to the extent this request is overly broad and seeks the production of duplicative samples and/or information. Further, VOI objects to the extent this request is disproportionate to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and to the extent the burden or expense of the proposed discovery outweighs its likely benefit. VOI further objects to this request to the extent it seeks the production of samples or information that is duplicative or cumulative of samples or information sought in Request Nos. 1 and 2. VOI further objects to this request to the extent the phrase "where a portion of that surface lies on a different plane than another portion of that surface" is vague and ambiguous. In addition, VOI objects to the extent this request seeks the production of information that is not relevant to the claims or defenses of any party. VOI further objects to the extent this request seeks the production of documents or things that are not within VOI's possession, custody, or control. VOI is willing to meet and confer with DePuy regarding the scope of this request, particularly in view of DePuy's own responses to similar requests from VOI.

Subject to and without waiver of the foregoing objections, VOI responds as follows: VOI is producing physical samples responsive to this request within its possession, custody, and control contemporaneously herewith.

4. All documents and things sufficient to show the specifications and schematics for the Accused Products.

**RESPONSE:** VOI incorporates by reference the foregoing General Objections and the foregoing Specific Objections to Request No. 1 as if fully stated herein. VOI further objects to the extent this request seeks information that is duplicative and cumulative of information sought in Request No. 1. VOI further objects to the extent this request seeks the production of documents or things that are not within VOI's possession, custody, or control.

Subject to and without waiver of the foregoing objections, VOI responds as follows: VOI is producing non-privileged, responsive documents within its possession, custody, and control contemporaneously herewith.

5. All documents and things sufficient to show the specifications and schematics for any product sample covered by Requests for Production Nos. 2 or 3.

**RESPONSE:** VOI incorporates by reference the foregoing General Objections and the foregoing Specific Objections to Request Nos. 2 and 3 as if fully stated herein. VOI further objects to the extent this request seeks information that is duplicative and cumulative of information sought in Request Nos. 1-4. VOI further objects to the extent this request seeks the production of documents or things that are not within VOI's possession, custody, or control.

Subject to and without waiver of the foregoing objections, VOI responds as follows: VOI is producing non-privileged, responsive documents within its possession, custody, and control contemporaneously herewith.

6. All operation manuals, user manuals, or instructions for each Accused Product.

**RESPONSE:** VOI incorporates by reference the foregoing General Objections as if fully stated herein. VOI further objects to the extent this request seeks the production of documents or things that are not within VOI's possession, custody, or control.

Subject to and without waiver of the foregoing objections, VOI responds as follows: VOI is producing non-privileged, responsive documents within its possession, custody, and control contemporaneously herewith.

7. All operation manuals, user manuals, or instructions for any product sample covered by Requests for Production Nos. 2 or 3.

**RESPONSE:** VOI incorporates by reference the foregoing General Objections and the foregoing Specific Objections to Request Nos. 2 and 3 as if fully stated herein. VOI further objects to the extent this request seeks the production of information that is duplicative or cumulative of information sought in Request No. 6. VOI further objects to the extent this request seeks the production of documents or things that are not within VOI's possession, custody, or control.

Subject to and without waiver of the foregoing objections, VOI responds as follows: VOI is producing non-privileged, responsive documents within its possession, custody, and control contemporaneously herewith.

8. All product literature, including but not limited to marketing materials and data sheets, for the Accused Products.

**RESPONSE:** VOI incorporates by reference the foregoing General Objections and the foregoing Specific Objections to Request No. 1 as if fully stated herein. VOI further objects to

9

the extent this request seeks the production of information that is duplicative or cumulative of information sought in Request No. 6-7.  VOI further objects to the extent this request seeks the production of documents or things that are not within VOI's possession, custody, or control.

Subject to and without waiver of the foregoing objections, VOI responds as follows: VOI is producing non-privileged, responsive documents within its possession, custody, and control contemporaneously herewith.

9. All product literature, including but not limited to marketing materials and data sheets, for any product sample covered by Requests for Production Nos. 2 or 3.

**RESPONSE:** VOI incorporates by reference the foregoing General Objections and the foregoing Specific Objections to Request Nos. 2 and 3 as if fully stated herein.  VOI further objects to the extent this request seeks the production of information that is duplicative or cumulative of information sought in Request No. 6-8.

Subject to and without waiver of the foregoing objections, VOI responds as follows: VOI is producing non-privileged, responsive documents within its possession, custody, and control contemporaneously herewith.

Date:  February 19, 2019          By:    */s/ Austen C. Endersby*
                                         Jeff E. Schwartz (*pro hac vice*) (Trial
                                           Counsel)
                                         District of Columbia Bar No. 442804
                                         Austen C. Endersby (*pro hac vice*)
                                         District of Columbia Bar No. 230747
                                         FOX ROTHSCHILD LLP
                                         1030 15th St. NW, Suite 380 East
                                         Washington, DC 20005
                                         Tel: (202) 461-3118
                                         Email: jeschwartz@foxrothschild.com
                                              aendersby@foxrothschild.com

10

James E. Doroshow (*pro hac vice*)
California Bar No. 112920
Ashe P. Puri (*pro hac vice*)
California Bar No. 297814
FOX ROTHSCHILD LLP
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Email: jdoroshow@foxrothschild.com
           apuri@foxrothschild.com

Megan A. McNamara
Florida Bar No. 112636
FOX ROTHSCHILD, LLP
777 S. Flagler Drive
Suite 1700 - West Tower
West Palm Beach, FL 33401
Tel:  (561) 835-9600
Fax:  (561) 835-9602
Email:  mmcnamara@foxrothschild.com

*Attorneys for Defendant*
*Veterinary Orthopedic Implants, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on **February 19, 2019**, I served the foregoing document via email on all of the individuals identified on the below Service List.

*/s/ Austen C. Endersby*
Austen C. Endersby

## SERVICE LIST

**CASE NO. 3:18-cv-01342-HES-PDB**

**R. TROY SMITH, ESQ.**
GRAY ROBINSON P.A.
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
Telephone: 904.598.9929
Facsimile:  904.598.9109
Email: *troy.smith@gray-robinson.com*

*Attorney for Plaintiffs*

**MATTHEW J. BECKER, ESQ.** (*pro hac vice*)
**EDWARD M. MATHIAS, ESQ.** (*pro hac vice*)
**REBECCA L. CLEGG, ESQ.** (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Telephone: 860.275.8100
Facsimile:   860.275.8101
Email: *mbecker@axinn.com*
          *tmathias@axinn.com*
          *rclegg@axinn.com*

*Attorney for Plaintiffs*