United States District Court
Middle District of Florida
Jacksonville Division

**DEPUY SYNTHES PRODUCTS, INC.
& DEPUY SYNTHES SALES, INC.,**

 *Plaintiffs,*

v.               NO. 3:18-cv-1342-HES-PDB

**VETERINARY ORTHOPEDIC IMPLANTS, INC., ETC.,**

 *Defendants.*

---

**VETERINARY ORTHOPEDIC IMPLANTS,**

 *Counterclaimant,*

v.

**DEPUY SYNTHES PRODUCTS, INC.
& DEPUY SYNTHES SALES, INC.,**

 *Counter-Defendants.*

---

# Order

 Without opposition, the plaintiffs seek leave to file under seal exhibits 1 and 3 to a declaration of Andrew Krause used to support their motion for partial summary judgment. Doc. 377; *see* Doc. 378 (motion for partial summary judgment). They contend the exhibits contain trade secrets, proprietary business information, or commercially sensitive information, the public disclosure of which could significantly harm them. Doc. 377 at 2–3. One exhibit contains excerpts of an expert report of Dr. Ken Gall in which he discusses,

cites, and excerpts engineering drawings showing detailed design information for the plaintiffs' products. Doc. 377 at 2. The other exhibit contains excerpts of a transcript of the deposition of opposing expert Dr. Troy Drewry, in which he discusses the same information. Doc. 377 at 3. The plaintiffs contend sealing until the close of the case or any appeal is warranted because of the highly sensitive nature of the information. Doc. 377 at 4.

In determining whether a paper should be sealed, a court's discretion is guided by the presumption of public access. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). The presumption applies to any paper attached to a document that invokes judicial resolution on the merits. *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 63−64 (11th Cir. 2013). The presumption is not absolute; the court must consider the nature and character of the information and balance the public's right of access against a party's interest in confidentiality. *Perez-Guerrero*, 717 F.3d at 1235. The balancing depends on the facts and circumstances. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). Factors may include whether allowing public access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if the documents are made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less restrictive alternative to sealing. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

Local Rule 1.11(a) explains, "Because constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification. Sealing is not authorized by a confidentiality

agreement, a protective order, a designation of confidentiality, or a stipulation." Local Rule 1.11(a).

Here, the plaintiffs have rebutted the presumption of public access with a compelling justification for sealing, as stated in the motion. Moreover, the motion relying on the exhibits is on the public docket to enable the public to understand the arguments. *See* Doc. 378.

The Court thus **grants** the motion, Doc. 377; **directs** the plaintiffs to file the exhibits under seal; and **directs** the clerk to file the exhibits under seal until the close of the case or any appeal, whichever is later, or upon an order directing unsealing.

Nothing in this order should be construed to mean the information constitutes a "trade secret" as that term is defined by statute. And this order does not limit the information that may be used at trial. Once the exhibits have been filed under seal, the Court will review them to determine if sealing was appropriate and whether the exhibits can be redacted as a narrower means of accomplishing the same result.

**Ordered** in Jacksonville, Florida, on August 29, 2022.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*