# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

DEPUY SYNTHES PRODUCTS, INC. )     Case No. 3:18-cv-01342-HES-PDB
and DEPUY SYNTHES SALES, INC., )
                               )
        Plaintiffs,            )
                               )
            vs.                )
                               )
VETERINARY ORTHOPEDIC          )
IMPLANTS, INC., SYNTEC         )
SCIENTIFIC CORPORATION, and    )
FIDELIO CAPITAL AB,            )
                               )
        Defendants.            )
                               )

## PLAINTIFFS' MOTION FOR  TEMPORARY RESTRAINING ORDER OR IN THE ALTERNATIVE TO ENTER THE PERMANENT INJUNCTION ON AN EMERGENCY BASIS

## I.    Motion for Temporary Restraining Order

In an attempt to evade the impact of the requested permanent injunction, Defendants are in the process of flooding the market with infringing products.  In particular, they are sending products to veterinarians who did not order them so that that the effect of the injunction can be avoided.  This behavior is happening as recently as Thursday, January 19, 2023.

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and Local Rule 6.01, Plaintiffs DePuy Synthes Products, Inc. and DePuy Synthes Sales, Inc. (together, "Synthes") respectfully request that the Court either (1) enter a temporary restraining order prohibiting Defendants Veterinary Orthopedic Implants, Inc. and Fidelio Capital AB (collectively, "Defendants" or "VOI") their officers, agents, servants, and employees, and those in active concert or participation with any of them, from selling, offering to sell, or distributing plates and kits found to infringe Plaintiffs' United States Patent Nos. 8,523,921 (the '921 patent") and 11,026,728 (the "'728 patent") until the Court has ruled on Plaintiffs' Motion for a Permanent Injunction (Dkt. 558); or in the alternative, (2) enter the requested permanent injunction with immediate effect.

A proposed order is being filed concurrently herewith.   A draft of this motion was shared with Defendants hours after Synthes became aware of Defendants' behavior.

As explained in the concurrently filed Declaration of Maria Cunningham ("Cunningham Decl."), it has come to Synthes' attention that, following last week's jury verdict finding that VOI's Swiss TPLO, Elite TPLO, NXT TPLO, and CBLO

Plates infringe the '921 and '728 patents, VOI has been offloading significant volumes of infringing plate designs (in one instance, reportedly over $100,000 in TPLO plates) to veterinarians. By flooding the market with infringing implants, VOI is further exacerbating the irreparable harm – including price erosion, loss of market-share, and reputational harms – suffered by Synthes (as addressed in its Motion for Permanent Injunction, Dkt. 558).

This behavior is particularly troubling because the Defendants resisted the entry of the permanent injunction by claiming that need for more briefing.  However, the Defendants used this delay to flood the market with infringing products.  Synthes does not suggest that outside counsel where aware of Defendants plan.

Plaintiffs are prepared to post a surety bond in the amount of $250,000 ($125,000 per week), which represents more than the average weekly sales volume for the infringing unites of plates, screws, and drill bits through the damages period addressed at trial. Cunningham Decl. at ¶7.

## II.    Legal Standard

"To obtain a temporary restraining order, a party must prove '(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.'" *Wall v. Centers for Disease Control & Prevention*, 543 F. Supp. 3d 1290, 1292 (M.D. Fla. 2021) (citing *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005)).

### III.   Factual Background

On January 13, 2023, following a 6-day jury trial, VOI and Fidelio were found to infringe the '921 and '728 patents through making, using, importing, selling, and offering for sale veterinary implants and kits known as the VOI Swiss/DT TPLO plates, Elite TPLO plates, NXT TPLO plates, and CBLO plates (the "Infringing Implants"). Dkt. 555 (Jury Verdict).

On January 17, 2023, Synthes filed its Renewed Motion for a Permanent Injunction (Dkt. 558), seeking to enjoin the sales of the Infringing Implants on behalf of the defaulting defendant and manufacturer of the Infringing Implants, Syntec Scientific Corporation ("Syntec"), including by VOI and Fidelio.

On January 19, 2023, it came to Synthes' attention that VOI was actively seeking to dump inventory of the Infringing Implants onto the market. Cunningham Decl. ¶ 2. For example, Synthes understands that, on January 19, 2023, several mobile veterinary surgeons who are members of the Facebook and email group Surge (surgedvm.com<http://surgedvm.com>) have shared their experiences on the group's listserv and Facebook page. *Id.* ¶ 3.  In one instance, a surgeon received over $100,000 of TPLO plate and screw inventory that they did not order. *Id.* This customer contacted VOI and was informed that there will be some anticipated supply chain challenges so this large order was proactively sent. *Id.*  Accordingly, it appears that VOI is conducting a post-verdict "fire sale" to flood the market with large quantities of the Infringing Implants.

This is consistent with VOI's behavior in the past. When an injunction was

entered as to the Swiss TPLO plates in 2019 as part of a lawsuit over Synthes' design patent, VOI similarly flooded the market with infringing implants at steeply discounted prices. Deposition of Matthew Haas (9/21/2020) at 24:24-25:13 (objections omitted):

> Q. At some point in time did VOI make the decision to dispose of the plates it was marketing as Swiss plates after the lawsuit by DePuy Synthes was filed?
>
> A. Yes, they did.
>
> Q. What was the instruction that was given to you regarding that step?
>
> A. We were instructed to sell the plates to our current customers and offer them in bulk?
>
> Q. Approximately how many plates were sold?
>
> A. Thousands, if not over 10,000.

*See also* Trial Tr. (Gendreau) at 759:9-13 ("Q. All right. So five years later, in 2018, did VOI stop selling the Cloverleaf plates? A. We did. Q. What happened with the inventory of those plates? A. We sold some and the rest we scrapped.").

## IV. Argument

### A. Plaintiffs have already prevailed on the merits.

Here, there is a substantial likelihood that Synthes will succeed on the merits, as Synthes has already proven at trial that the '921 and '728 patents are valid and infringed by the Infringing Implants. Dkt. 555 (Jury Verdict). Thus, this factor weighs in favor of the grant of a temporary restraining order.

### B. Plaintiffs have continued to suffer irreparable harm.

For the reasons set forth in Synthes' Motion for a Permanent Injunction, Dkt. 558 at 5-11, VOI's sales of the Infringing Implants has and continues to cause Synthes

irreparable harm. The currently suspected dumping of excess capacity on the market will cause further price erosion and loss of market-share, by providing veterinarians with inventory of Infringing Implants that will last for a year or more. Cunningham Decl. at ¶ 4. In the absence of VOI's inventory dump, and with the Infringing Implants enjoined from the market, such customers would have otherwise been available to Synthes. *Id.* at ¶¶ 4-6.

### C.   The harm to Synthes absent a restraining order outweighs any harm to VOI.

Absent a temporary restraining order, Defendants can and, based upon past experience, will significantly alter the status quo before the Court can rule on the pending injunction motion. *See* Deposition of Matthew Haas (9/21/2020) at 24:24-25:13 (confirming VOI's past practice of dumping inventory when threatened with an injunction). It is appropriate to issue a temporary restraining order without notice (beyond the notice of the filing of this Motion) given that VOI's efforts to flood the market with Infringing Implants will only accelerate following the filing of this request.

The threatened harm to Synthes is great. Absent VOI's use of a post-verdict fire sale to flood the market with Infringing Implants, the purchasers of such products would have otherwise been available as purchasers to Synthes. Cunningham Decl. at ¶ 4. Indeed, Synthes believes that several of the customers targeted by VOI's current fire sale are former Synthes customers that likely would return to Synthes if the Infringing Implants were not available.  *Id.* at ¶ 5.

On the other hand, the threatened harm to VOI is small. To the extent that VOI

is dumping excess inventory on the market at reduced substantially discounted prices (e.g., by selling at a loss), it is not being harmed economically at all. By employing a fire sale to dump inventory of Infringing Implants, VOI is irrationally selling a large volume of implants – far more than it would typically sell in a week – for significantly lower prices. This does not benefit VOI at all, but the presence of additional Infringing Implants on the market does create downward pressure on Synthes' prices and market share. Cunningham Decl. at ¶ 6.

**D.   The public interest will be served by the issuance of a restraining order.**

For the reasons set forth in Synthes' Motion for a Permanent Injunction, Dkt. 558 at 14-16, the public interest would be served by entering a Temporary Restraining Order.

## V.   CONCLUSION

Synthes respectfully requests the Court enter a Temporary Restraining Order or in the alternative an immediate ruling on its Motion for Permanent Injunction (Dkt. 558).

Dated this 20th day of January, 2023.

GRAYROBINSON, P.A.

By: */s/ R. Troy Smith*
Jason G. Sheasby (admitted *pro hac vice*)
California Bar No.: 205455
Lisa S. Glasser (admitted *pro hac vice*)
California Bar No.: 223406
Andrew E. Krause (admitted *pro hac vice*)
California Bar No.: 294850
Stephen Payne (admitted *pro hac vice*)
California Bar No.: 310567
Irell & Manella, LLP
1800 Avenue of the Stars, Ste. 900
Los Angeles, CA 90067-4276

Phone:        (310) 203-7096
Facsimile: (310) 203-7199
*jsheasby@irell.com*
*akrause@irell.com*

-and-

R. Troy Smith
Florida Bar No. 485519
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
Phone: (904) 598-9929
Facsimile: (904) 598-9109
*troy.smith@gray-robinson.com*
*maria.daniels@gray-robinson.com*
*jessica.gonzalez@gray-robinson.com*

***Attorneys for Plaintiffs DePuy Synthes Products, Inc. and DePuy Synthes Sales, Inc.***