# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| DEPUY SYNTHES PRODUCTS, INC. and DEPUY SYNTHES SALES, INC., <br><br> Plaintiffs, <br> v. <br><br> VETERINARY ORTHOPEDIC IMPLANTS, INC., SYNTEC SCIENTIFIC CORPORATION, and FIDELIO CAPITAL AB, <br><br> Defendants. | Case No. 3:18-CV-01342-HES-PDB |

**DEFENDANTS' OPPOSED MOTION AND MEMORANDUM OF LAW TO (1) CONTINUE THE MARCH 22, 2023 HEARING, (2) REQUEST AN EVIDENTIARY HEARING, (3) REQUEST ADDITIONAL TIME TO RESPOND PLAINTIFFS' MOTION, (4) REQUEST ADDITIONAL PAGES FOR DEFENDANTS' OPPOSITION, AND (5) RULE 3.01(g) CERTIFICATION**

Defendant Veterinary Orthopedic Implants, Inc. ("VOI") and Fidelio Capital AB ("Fidelio"), (collectively "Defendants") respectfully move for the entry of an order continuing the hearing set for March 22, 2023 (Dkt. 597) and rescheduling that hearing as an evidentiary hearing during or after the week of April 24.[1] Given the severity of the remedy Plaintiffs seek, Defendants respectfully request that Defendants have 28 days from the filing date of Plaintiffs' Motion for Order to Show Cause to file an opposition, rather than the 14-day timeline set forth in Local Rule 3.01(c). Defendants also request approval to use up to 30 pages for their Opposition,

---

[1] This date is necessary in view of the upcoming Passover and Easter holidays, as well as a trial scheduled for Defendants' Lead Counsel the week of April 17.

rather than the 20-page limit set forth in Local Rule 3.01(b). In support, Defendants state as follows[2]:

1. Plaintiffs ask the Court to enjoin the sale of two non-accused products, the Compresiv and Versiv plates. Those plates, together, account for the majority of VOI's current TPLO-plate sales. An order enjoining the sales of those plates risks severe consequences for Defendants, as well as non-parties Vimian and Movora.

2. In addition to the need to develop evidence, exposited upon below, Defendant VOI is in the process of retaining a new law firm, MoloLamken. VOI's new counsel requires additional time to get up to speed so as to be able to meaningfully assist VOI during this proceeding.

3. Due to the gravity of the issues and the addition of new counsel, Defendants require more than the standard 14 days provided under the Local Rules to adequately address the arguments set forth in Plaintiffs' motion. Defendants thus request 28 days, which would result in Defendants' Opposition being due March 30, 2023. Due to the number and nature of the arguments raised by Plaintiffs, Defendants also require more than the standard 20 pages provided under the Local Rules to adequately address the arguments set forth in Plaintiffs' motion. Accordingly, Defendants request an additional 10 pages for their opposition that will not exceed 30 pages. No party will be harmed by the granting of the relief requested

---

[2] The Motion for Additional Pages, cannot exceed three pages under Local Rule 3.01; within this consolidated motion, it is fewer than two.

herein. Indeed, the opposite is true—Defendants will be prejudiced if the hearing is not continued and if they are not granted the additional time and pages to adequately respond.

4. Plaintiffs' motion requests that the Court order that Defendants' Compresiv and Versiv plates (now sold by Movora) are subject to the injunction. For the TPLO plates adjudicated to infringe, this is a process that took over four years, including fact discovery, expert discovery, dispositive motions, and trial. At the very least, Defendants should have more than 14 days and 20 pages to fully respond regarding the Compresiv/Versiv plates. Given the importance of Plaintiffs' motion to Defendants' business (and to Movora's business), Defendants believe that a comprehensive treatment of the factual and legal issues is appropriate.

5. Further, the issues Plaintiffs raise implicate factual and expert testimony that was not fully developed at trial. This testimony will require time to prepare for the Court and for Defendants to fully respond to Plaintiffs' arguments. And Defendants should be allowed to present this testimony at an evidentiary hearing to illustrate that Plaintiffs' arguments are incorrect.

## MEMORANDUM OF LAW

6. Plaintiffs previously told this Court that the "correct mechanism" for addressing the application of an injunction to the Compresiv and Versiv plates "is for the [C]ourt to hold an *evidentiary hearing* on whether colorable differences exist" from the accused products. Dkt. 588 at 4 (emphasis added). An evidentiary hearing is required because, as Plaintiffs have repeatedly admitted, VOI's Compresiv and

Versiv plates were not accused of infringing—much less adjudicated to infringe—at trial. Dkt. 502 at 1.

7. Plaintiffs now reverse course, attempting to base their motion on evidence presented at trial. But the trial record is legally and factually insufficient to address the issues the Court must decide in a contempt proceeding. A party seeking to enforce an injunction against new products "must prove that the newly accused product is not more than colorably different from the product found to infringe and that the newly accursed product actually infringes." *TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869, 882 (Fed. Cir. 2011) (en banc). Both of those issues are "intensely factual." *Contour IP Holding, LLC v. GoPro, Inc.*, No. 3:17-CV-04738-WHO, 2021 WL 1022854, at *7 (N.D. Cal. Mar. 17, 2021). The trial record addresses neither.

8. The first inquiry in a contempt proceeding is whether "the newly accused product is . . . more than colorably different from the product found to infringe." *TiVo*, 646 F.3d at 882-83. Plaintiffs' motion faults Defendants' experts for failing to identify "colorable differences" at trial. Dkt. 594 at 4-9. But the question at trial was whether the Elite and NXT plates infringed—not whether the Compresiv and Versiv plates are colorably different. Even on its own terms, Plaintiffs' motion inverts the burden of proof and exaggerates the trial record, which concerned a defense to Plaintiffs' claim for lost profits—not the question Plaintiffs' motion actually presents.

9. At an evidentiary hearing, Defendants would present substantial additional evidence, not offered at trial. Defendants intend to:

- prove, with supporting evidence, that the Compresiv/Versiv plates are more than colorably different from the Elite/NXT plates;

- provide testimony on the years-long process to research, develop, and design the Compresiv/Versiv plates;

- provide testimony from an engineer involved in designing the Compresiv/Versiv plates, but who was not involved with the trial;

- offer testimony from a technical expert explaining that the Compresiv/Versiv plates are more than colorably different from the Elite/NXT plates for multiple reasons, including: (1) a distinctly different bone-contacting surface that has no arcs or curves, but rather has a V-shaped cross-section in the proximal portion, (2) a V-shaped cross-section that also exists in the distal portion of these plates too, and (3) a curved distal end of these plates; and

- demonstrate, with supporting evidence, that these design differences employ Movora's patented technology.

10. The second inquiry in a contempt proceeding is whether "the newly accused product actually infringes." *TiVo Inc.*, 646 F.3d at 882. But as Plaintiffs previously recognized, the issue at trial was not whether the Compresiv/Versiv plates infringe under a traditional infringement analysis. Defendants had only raised the Compresiv/Versiv plates during the litigation to illustrate that these plates were acceptable noninfringing alternatives and, therefore, Plaintiffs were not entitled to

lost profits. When Defendants moved to exclude Plaintiffs' expert testimony on these plates for failing to include a fulsome infringement analysis, Plaintiffs argued that "the Federal Circuit holds that an analysis of whether an alternative is covered by a patent *is not the same* as a formal infringement analysis." Dkt. 443 at 6 (emphasis added) (citing *AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324 (Fed. Cir. 2015)). Plaintiffs' argument thus makes clear that a formal infringement analysis was not at issue at trial. A contempt hearing on the Compresiv and Versiv plates thus requires both factual and expert evidence to be developed to allow Defendants to fully respond to Plaintiffs' arguments as to infringement. That is reinforced by the fact that the jury was never asked a single question about the Compresiv or Versiv plates.

11. A condensed schedule leading to a summary contempt hearing on March 22, 2023, and one without the ability to develop factual and expert testimony, would contradict Federal Circuit precedent. The Federal Circuit has "counseled against contempt proceedings of a summary nature where 'expert and other testimony subject to cross-examination would be helpful or necessary.'" *Abbott Lab'ys v. TorPharm, Inc.*, 503 F.3d 1372, 1379 (Fed. Cir. 2007) (citing *Arbek Mfg., Inc. v. Moazzam*, 55 F.3d 1567, 1570 (Fed. Cir. 1995)). Defendants "are entitled to . . . an opportunity to be heard" and to "challenge [plaintiff]'s showing and present its own evidence." *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 154 F.3d 1345, 1356 (Fed. Cir. 1998). But development of this evidence requires additional time, and presentation of this evidence requires (respectfully) an evidentiary hearing, as Plaintiffs previously agreed. Dkt. 588 at 4.

**Certification Pursuant to Local Rule 3.01(g)**

Pursuant to Local Rule 3.01(g), I hereby certify that the undersigned conferred with Plaintiffs' counsel via e-mail, and Plaintiffs' counsel opposes Defendants' motion.

Respectfully submitted,                           Date: March 8, 2023

By: /s/ *Cindy A. Laquidara*

| | |
|---|---|
| Cindy A. Laquidara | Sonja W. Sahlsten |
| Florida Bar No.: 394246 | Florida Bar No. 119797 |
| Email: cindy.laquidara@akerman.com | sonja.sahlsten@finnegan.com |
| William C. Handle | J. Michael Jakes (*admitted pro hac vice*) |
| Florida Bar No. 1002425 | D.C. Bar No. 415471 |
| Email: william.handle@akerman.com | mike.jakes@finnegan.com |
| AKERMAN LLP | Timothy J. May (*admitted pro hac vice*) |
| 50 North Laura Street, Suite 3100 | D.C. Bar No. 474276 |
| Jacksonville, FL  32202 | timothy.may@finnegan.com |
| Telephone: (904) 798-3700 | Kathleen Daley (*admitted pro hac vice*) |
| Facsimile: (904) 798-3730 | D.C. Bar No. 431887 |
| | kathleen.daley@finnegan.com |
| | Jason Romrell (*admitted pro hac vice*) |
| | D.C. Bar No. 1016924 |
| | Jason.romrell@finnegan.com |
| | W. Brady Nash (*admitted pro hac vice*) |
| | D.C. Bar No. 1782080 |
| | brady.nash@finnegan.com |
| | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP |
| | 901 New York Avenue, NW |
| | Washington, DC 20001 |
| | (202) 408-4000 |
| | |
| | Benjamin A. Saidman (*admitted pro hac vice*) |
| | Georgia Bar No. 117695 |
| | benjamin.saidman@finnegan.com |

        FINNEGAN, HENDERSON, FARABOW,
         GARRETT & DUNNER, LLP
        271 17th Street, NW, Suite 1400
        Atlanta, Georgia 30363
        (404) 653-6400

        Jency J. Mathew (*admitted pro hac vice*)
        Virginia Bar No. 92928
        jency.mathew@finnegan.com
        FINNEGAN, HENDERSON, FARABOW,
         GARRETT & DUNNER, LLP
        1875 Explorer Street, Suite 800
        Reston, Virginia 20190
        (571) 203-2700

*Attorneys for Defendants Veterinary Orthopedic Implants, Inc. and Fidelio Capital AB*