UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| DEPUY SYNTHES PRODUCTS, INC. and DEPUY SYNTHES SALES, INC., <br><br>Plaintiffs, <br><br>v. <br><br>VETERINARY ORTHOPEDIC IMPLANTS, INC. and SYNTEC SCIENTIFIC CORPORATION, and FIDELIO CAPITAL AB, <br><br>Defendants. | Case No. 3:18-cv-01342-HES-PDB |

## MOTION TO SEAL & SUPPORTING MEMORANDUM OF LAW

Pursuant to Fed. R. Civ. P. 5.2(d) and Local Rule 1.11, Proposed-Intervenors Dr. Claude Gendreau ("Dr. Gendreau") and The Claude Gendreau Investment Trust u/a/d March 13, 2023 (together, "Gendreau") hereby move to seal: (1) Gendreau's Motion to Intervene, attached hereto as Exhibit 1, and (2) Gendreau's proposed Motion for Ruling on Scope of Confidentiality Order (ECF No. 456) and in the Alternative to Modify Confidentiality Order, which is attached to the Motion to Intervene as Exhibit F (together, the "Motions"), as well as certain exhibits to the Motions.  In support of the Motion to Seal, Gendreau states as follows.

### BACKGROUND

This case—a suit for patent infringement—went to trial in January 2023, and following a jury verdict in Plaintiffs' ("DePuy") favor, the parties entered into a settlement (the "Patent Litigation").  Thereafter, in May 2023, Defendants ("Buyers") sued Gendreau and others in the Superior Court for the State of Delaware for indemnification of their liability in the Patent

1

Litigation (the "Indemnification Litigation"). Gendreau has answered the complaint and filed several counterclaims.

As described more fully in the Motions, there is a discovery dispute in the Indemnification Litigation related to the applicability of the confidentiality Order (ECF No. 456) that this Court entered on November 30, 2022, in connection with a December 6, 2022 settlement conference, to certain discovery that Gendreau has requested in the Indemnification Litigation. Gendreau seeks discovery related to certain settlement communications in the Patent Litigation. Buyers argue that these materials are protected from disclosure by this Court's Confidentiality Order and Florida's mediation privilege. Gendreau disagrees. Gendreau filed a motion to compel in the Indemnification Litigation and, on June 21, 2024, the Delaware court entered an Order stating that, with respect to settlement communications between the December 6, 2022 settlement conference and the end of the trial in the Patent Litigation, the parties would need to seek a ruling from this Court as to whether the Confidentiality Order bars the discovery. Gendreau now moves to intervene in the Patent Litigation for the purpose of seeking a ruling regarding the scope of the Confidentiality Order.

## ARGUMENT

Fed. R. Civ. P. 5.2(d) provides that "[t]he court may order that a filing be made under seal without redaction." In ruling on a motion to seal, the Court must weigh the parties' interest in keeping information confidential against the public's interest in accessing court documents. *E.g.*, *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309-15 (11th Cir. 2001).

There is good cause to seal the Motions and certain of the exhibits attached thereto. As explained above, the Delaware court's June 21 Order directs the parties to seek guidance from this

Court regarding the applicability of the Confidentiality Order to settlement communications between December 6, 2022, and the end of the trial in the Patent Litigation. And, as explained in the Motions, the settlement communications that Gendreau seeks in discovery in the Indemnification Litigation are critical to his defense and counterclaims in that action.

Both Motions (and certain of the exhibits) discuss the substance of settlement communications, which the Patent Litigation parties have asserted are confidential in the Indemnification Litigation. While Gendreau does not believe these communications to be confidential, he is seeking to file this information under seal out of an abundance of caution. Redactions are not a satisfactory alternative to sealing because the information that Gendreau would need to redact is central to the resolution of the Motions.

## CONCLUSION

For the reasons stated, Gendreau respectfully requests that the Court grant this Motion and enter an Order sealing Gendreau's Motion to Intervene, attached hereto as Exhibit 1, and Exhibit C to the Motion to Intervene, and, in the event that the Court grants the Motion to Intervene, sealing Gendreau's Motion for Ruling on Scope of Confidentiality Order (ECF No. 456) and in the Alternative to Modify Confidentiality Order, attached to the Motion to Intervene as Exhibit F, and Exhibits 3-4 and 7-11 to that Motion. Gendreau requests that both Motions and the specified exhibits be sealed until such time as the Court determines that no continued sealing of the Motions and specified exhibits is necessary.

Dated:  July 26, 2024                    Respectfully submitted,

Dr. Claude Gendreau and The Claude Gendreau
Investment Trust u/a/d March 13, 2023

By:  /s/ *Ross B. Bricker*
One of Their Attorneys

Ross B. Bricker
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois  60654
RBricker@jenner.com

## CERTIFICATE OF SERVICE

Ross B. Bricker, an attorney, hereby certifies that on July 26, 2024, he caused the **Motion to Seal and supporting exhibits** to be served via email on all individuals identified on the below Service List.

Jason G. Sheasby
Andrew E. Krause
Irell & Manella, LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4271
Telephone: 310-203-7096
Email: JSheasby@irell.com
Email: AKrause@irell.com

Lisa S. Glasser
Stephen Payne
Irell & Manella, LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: 949-760-5265
Email: lglasser@irell.com
Email: spayne@irell.com

Cindy A. Laquidara
Adam Remillard
Akerman LLP
50 N. Laura Street, Suite 3100
Jacksonville, FL 32202-3659
Telephone: 904-798-3700
Email: cindy.laquidara@akerman.com
Email: adam.remillard@akerman.com

J. Michael Jakes
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
901 New York Ave., N.W.
Washington, DC 20001
202-408-4045
Email: mike.jakes@finnegan.com

Jeffrey Alan Lamken
Caleb M. Hayes-Deats
Sonja Sahlsten
Timothy J. May
MoloLamken LLP

600 New Hampshire Ave., NW, Suite 660
Washington, DC 20037-2417
Telephone: 202-556-2010
Email: jlamken@mololamken.com
Email: chayes-deats@mololamken.com
Email: sonja.sahlsten@finnegan.com
Email: timothy.may@finnegan.com

Benjamin A. Saidman
Jason L Romrell
Kathleen A. Daley
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
271 17th Street, NW., Suite 1400
Atlanta, GA 30363-6209
Telephone: 404-653-6510
Email: Benjamin.Saidman@finnegan.com
Email: jason.romrell@finnegan.com
Email: kathleen.daley@finnegan.com

Jency J. Mathew
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190
Telephone: 571-203-2419
Email: jency.mathew@finnegan.com

Sara Ellen Margolis
MoloLamken LLP
430 Park Avenue, Floor 6
New York, NY 10022
Telephone: 212-607-8172
Email: smargolis@mololamken.com

William Charles Handle
Akerman LLP
420 South Orange Avenue, Suite 1200
Orlando, FL 32801-4904
Telephone: 407-423-4000
Email: william.handle@akerman.com

William Brady Nash
Mayer Brown LLP
1999 K Street, NW
Washington DC, DC 20006
Telephone: 801-989-8134
Email: bnash@mayerbrown.com

Dov P Grossman
A. Joshua Podoll
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
Telephone: 202-434-5812
Email: dgrossman@wc.com
Email: apodoll@wc.com

                                                  /s/ Ross B. Bricker
                                                    Ross B. Bricker