# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

DEPUY SYNTHES PRODUCTS, INC. and
DEPUY SYNTHES SALES, INC.,

        Plaintiffs,

v.

VETERINARY ORTHOPEDIC IMPLANTS, INC., SYNTEC SCIENTIFIC CORPORATION, and FIDELIO CAPITAL AB,

        Defendants.

Case No. 3:18-CV-01342-HES-PDB

## DEFENDANTS' MOTION TO STRIKE, OR IN THE ALTERNATIVE, TO SEAL UNDER LOCAL RULE 1.11, AND MEMORANDUM IN SUPPORT

Defendants Veterinary Orthopedic Implants, Inc. ("VOI") and Fidelio Capital AB ("Fidelio") respectfully request the Court strike the motion to seal and its attachments (ECF 642), filed by non-parties Claude Gendreau and The Claude Gendreau Investment Trust u/a/d March 16, 2013 (collectively, "Gendreau"), or alternatively, grant the Defendants' motion to seal.[1]

---

[1] Defendants' understanding is that non-party Gendreau's proposed motions to intervene and on the scope of mediation confidentiality, attached as exhibits to the sealing motion but not otherwise filed on the docket, are not yet properly filed and served, and therefore are not yet ripe for response. Defendants disagree with much in those proposed motions (on which Gendreau did not attempt to meet and confer), and respectfully reserve the right to respond to those proposed motions when they are ripe.

## MEMORANDUM IN SUPPORT

This Court should strike Gendreau's sealing motion. Gendreau failed to meet and confer with any of the parties prior to filing his motion, in violation of Local Rule 3.01(g). Nor has he met and conferred on the two proposed motions he attached to his sealing motion. Had he done so, Defendants would have objected to Gendreau's use of mediation-privileged information in his filings and explained that he could make his proposed motions without including the privileged information, obviating the need for sealing. This Court should strike ECF 642 in its entirety; direct Gendreau to comply with Local Rule 3.01(g); and direct him to refile his proposed motions without including mediation-privileged information.

If this Court declines to strike ECF 642 and its attachments, then this Court should grant Defendants' sealing motion and seal ECF 642-1; 642-4; 642-6; 642-7; 642-10; 642-13; 642-14; and 642-15. DePuy (the Plaintiff in this case), Defendants, and Gendreau all agree that non-party Gendreau's proposed motions include information that DePuy and Defendants believe is covered by the mediation privilege.[2] No presumption of public access applies to such materials, particularly when filed in a fully resolved, closed case. And protecting a privilege, including while the scope of the privilege is litigated, justifies sealing.

---

[2] Counsel for DePuy has authorized Defendants to represent to this Court that DePuy's position continues to be that the January 5, 2023 communications are subject to the mediation privilege and should be sealed to the extent they remain on the docket. DePuy does not oppose Defendants' motion to strike.

## FACTUAL BACKGROUND

### A. The Patent Litigation in This Court

On November 12, 2018, DePuy Synthes Products, Inc. and DePuy Synthes Sales, Inc. (collectively, "DePuy") filed this Patent Litigation against VOI. ECF 1. DePuy alleged that VOI willfully infringed DePuy's patents. *Id.*

Gendreau founded VOI and was VOI's majority owner and controlling shareholder when the Patent Litigation was filed. He is not a party to this case.

In June 2020, Gendreau and his co-owners, including his nephew Patrick Gendreau, sold VOI to a Fidelio affiliate. Gendreau and his co-owners were paid about $100 million for their VOI shares.

Key to the transaction, Gendreau and the other sellers agreed to indemnify VOI and its affiliates (including Fidelio and other entities) for any damages connected to the Patent Litigation, up to the $100 million purchase price. In exchange, Gendreau and the other sellers retained control of VOI's defense of the Patent Litigation.

In January 2023, a jury found that VOI willfully infringed DePuy's patents causing $59.5 million in damages, and found Fidelio liable as well. With post-trial motions pending (including to treble damages), DePuy and Defendants settled this case for $70 million. Gendreau and the other sellers approved the settlement.

### B. The Indemnification Litigation

Following the settlement, VOI and Fidelio demanded indemnity, but Gendreau and the other sellers refused. VOI and two of its affiliates brought suit in Delaware to enforce their contractual indemnification rights ("Indemnification Litigation").

The other sellers have since agreed to pay the entirety of their portion of the $70 million settlement. Vimian Press Release (June 11, 2024), https://tinyurl.com/3p6umkjh; Vimian Press Release (Feb. 26, 2024), https://tinyurl.com/yc6x43fd. Only Gendreau still refuses to meet his indemnity obligations.

**C. Gendreau's Effort To Obtain and Use Mediation-Privileged Information**

In an attempt to escape his indemnification obligations, Gendreau has asserted meritless counterclaims and defenses in the Indemnification Litigation. Among them, he claims that Defendants breached their contractual obligations to Gendreau by usurping his right to control settlement of the Patent Litigation.

To support this meritless claim, Gendreau sought to discover documents and information related to all settlement discussions in the Patent Litigation, including those related to a mediation ordered by this Court and overseen by Judge Barksdale.

The Delaware court consistently refused to permit discovery into documents and information that might be covered by this Court's mediation privilege. Instead, the Delaware court repeatedly told Gendreau that for any documents or information potentially covered by this Court's mediation privilege, he should seek relief from this Court. ECF 642-5, at 4; ECF 642-6, at 5-7.

The only items still in dispute are communications between the parties in this case related to a purported January 5, 2023 settlement proposal. ECF 642-7, at 3-4.

DePuy and Defendants agree that these communications are privileged because they were part of the court-ordered mediation process before Judge Barksdale, which

began in November 2022 and continued until the jury verdict on January 13, 2023. As Defendants will explain in more detail at the appropriate time, the record in this case amply supports the conclusion that the communications related to the January 5, 2023 proposal were part of the mediation process.

**D. Gendreau's Motion To Seal**

On July 10, 2024, in violation of Local Rule 3.01(k), Gendreau emailed Judge Barksdale seeking a "determination as to whether documents relating to the January 5, 2023 [communications] relate to the substance of the settlement conference." Ex. 1, at 2; Ex. 2. Judge Barksdale declined to provide a determination outside the context of a pending case.

Without notice to any of the parties in this case, and without any attempt to meet and confer in good faith, Gendreau filed his sealing motion, and attached a proposed motion to intervene in this case. ECF 642; ECF 642-1. Gendreau also filed, as an attachment to the proposed motion to intervene, a further proposed motion for clarification of the scope of mediation confidentiality. ECF 642-7. Neither the motion nor the attached proposed motions include a Local Rule 3.01(g) Certification.

Gendreau's filings include information that DePuy and Defendants believe is subject to mediation confidentiality. *E.g.*, 642-1, at 4; 642-7, at 3.

## ARGUMENT

I.  **The Court Should Strike Gendreau's Motion and Its Attachments**

Courts have "the inherent power" to "strike a non-compliant motion or other filing." *Durso v. Summer Brook Preserve Homeowners Ass'n*, 641 F. Supp. 2d 1256, 1261

(M.D. Fla. 2008); *see also Jones v. United Space Alliance, LLC*, 170 F. App'x 52, 57 (11th Cir. 2006) (affirming strike for failure to comply with local rules).

This Court should strike Gendreau's motion because (1) Gendreau failed to comply with Local Rule 3.01(g)'s good faith conferral requirement; and (2) Gendreau can seek relief without using DePuy's and Defendants' privileged information, obviating the need to seal.

*First*, Local Rule 3.01(g) is "strictly enforced." *See Unlimited Resources Inc. v. Deployed Resources, LLC*, 2009 WL 1370794, at *1 (M.D. Fla. May 14, 2009) (quoting Middle District Discovery (2001) at 20) (granting a motion to strike a motion filed with the other party's confidential information and filed in violation of Rule 3.01(g)). The Local Rule requires meaningful, good faith conferral to resolve the dispute without the need for judicial intervention. *E.g.*, *id.* This rule has particular salience when the proposed motion is unnecessary; the responding party "should [be] presented with an opportunity to resolve the issues raised by the motion" by pointing out obvious ways to avoid motion practice. *See Lennen v. Marriott Ownership Resorts, Inc.*, 2019 WL 13023804, at *3 (M.D. Fla. Sept. 16, 2019) (citation omitted).

Gendreau never informed Defendants or DePuy that he intended to file a motion to seal, nor that he intended to file the proposed motions attached thereto. Nor does he include a Local Rule 3.01(g) Certification with either the motion or proposed motions.

*Second*—and as Defendants would have told Gendreau had he asked—there is no reason for Gendreau to include privileged information in his proposed motions.

6

Local Rule 1.11(b)(3) requires a showing that filing the sealed material "is necessary" and that "a means other than sealing is unavailable or unsatisfactory." Gendreau fails to meet these burdens.

Gendreau intends to ask this Court whether communications between the parties to this case (i.e., DePuy and Defendants) on January 5, 2023 are subject to mediation privilege. But there is no reason to include *the substance of* the communications in the motions. As in many cases involving privilege disputes, the parties can establish the communications' status through the circumstances around them or describing them at a high level, as in a privilege log; or, if the Court concluded it would benefit from seeing the communications, could submit them in camera. For example, DePuy and Defendants agree that the communications occurred based on Judge Barksdale's earlier engagement and with the expectation that Judge Barksdale would participate again—which Judge Barksdale then did on multiple days of the trial. The non-privileged evidence, including statements made on the trial record, will bear that out. Whether such communications are privileged does not turn, in this case, on the communications' substance. Indeed, Gendreau's first attempt to obtain a determination from Judge Barksdale on this matter—his July 10, 2024 letter in violation of Local Rule 3.01(k)—explained the same grounds for relief *without* repeating the substance of the privileged communications at all. Ex. 1.

Striking is an appropriate remedy when the movant fails to confer in accordance with Local Rule 3.01(g). *See, e.g.*, *Unlimited Resources Inc.*, 2009 WL 1370794, at *1; *Real Estate Indus. Sols., LLC v. Concepts in Data Mgmt. U.S., Inc.*, 2011 WL 13141168, *3

7

(M.D. Fla. Aug. 19, 2011). Striking is also the appropriate remedy when a party includes mediation-protected information in the court record. *Martin v. Automobili Lamborghini Exclusive, Inc.*, 2000 WL 36745511, at *5 (S.D. Fla. 2000) (explaining that the court "has no choice" but to strike a motion to enforce a settlement agreement, because the mediation communications the party sought to submit are "absolutely privileged and inadmissible" and "cannot be submitted or disclosed to the Court"), *report and recommendation adopted,* 2000 WL 36745509 (S.D. Fla. June 15, 2000); *United States v. Planes*, 2019 WL 3024895, at *13 (M.D. Fla. July 11, 2019); *Sewalk v. Valpak Direct Marketing Sys., LLC*, 2022 WL 4079589, at *2 (M.D. Fla. Sept. 6, 2022).

Where, as here, a movant filed mediation-protected information without conferring with any of the parties to the case, striking is the remedy that sufficiently protects the interests of the parties with whom Gendreau failed to confer. The Court should strike Gendreau's motion and exhibits without prejudice to refiling without the purported January 5 proposal.

## II. Alternatively, the Court Should Seal the Documents Containing Mediation-Privileged Information

When evaluating whether to seal a filing, courts balance the public right of access to judicial records with private interests in confidentiality. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001).

If the Court declines to strike the sealing motion, then this Court should grant Defendants' alternative motion and permanently seal ECF 642-1; 642-4; 642-6; 642-7;

642-10; 642-13; 642-14; and 642-15,[3] each of which contains the privileged mediation communications. The presumption of public access does not apply to these materials. And protecting an asserted privilege is an appropriate basis for sealing that overcomes any common-law right of access.

*First*, the common-law right of access does not apply to mediation materials, even when they are filed in connection with non-substantive motions such as Gendreau's two proposed motions. The Eleventh Circuit has made clear that not every document filed with a motion is subject to the common-law presumption of public access. In *Chicago Tribune*, for example, the court of appeals distinguished between "discovery material filed in connection with … motions that require judicial resolution of the merits" of a case, which are subject to the common-law right; and "material filed with discovery motions" such as motions to compel, which are not. *Id.* at 1312. In other words, non-public materials, for which there is no preexisting right of access, "do not automatically qualify as judicial records subject to the common-law right of access" just because they are filed with a court. *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1362 (11th Cir. 2021); *Comm'r, Ala. Dep't of Corrs. v. Advance Local Media, LLC*, 918 F.3d 1161, 1167 (11th Cir. 2019) ("The mere filing of a document does not transform it into a judicial record."). Private material becomes a

---

[3] Gendreau did not file ECF 642-6 and 642-13 under seal. These entries are a special magistrate decision in the Indemnification Litigation, which contains one sentence repeating privileged information. Gendreau does not oppose sealing these documents. Defendants have also requested the Delaware court redact the relevant sentence to preserve its confidentiality.

judicial record only when it is filed in connection with a "substantive" motion, which is one asking "the court to invoke its powers or affects its decisions." *Callahan*, 17 F.4th at 1362 (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)). The Eleventh Circuit has "faithfully adhered to this rule—without exception." *Id.*

The public has no right of access to privileged materials, *United States v. Noriega*, 917 F.2d 1543, 1548 (11th Cir. 1990), including mediation communications protected by Local Rule 4.03(g), *see E.E.O.C. v. Northlake Foods, Inc.*, 411 F. Supp. 2d 1366, 1367-68 (M.D. Fla. 2005) (involving the Local Rule's predecessor). Prior to Gendreau's motion, the mediation communications were wholly confidential, and no party could invoke the public right of access to obtain them.

Gendreau's proposed motions do not change that calculus. They are not substantive motions that ask this Court to resolve the merits of the case or to invoke its powers. Gendreau is not a party to this case. The case is closed, and has been fully resolved. The proposed motions seek to intervene for the limited purpose of seeking clarification of this Court's mediation privilege. Neither intervention nor clarification of the mediation privilege implicates "the merits" of this closed case. If discovery material attached to motions to compel is not subject to the common-law right of access, there is no reason privileged mediation communications filed solely for the purpose of resolving a dispute over that very privilege would be subject to the right.

*Second*, even if the public right of access applied, courts routinely find that sealing is appropriate where the filing includes privileged material. *See, e.g.*, *Nat'l Sourcing, Inc. v. Bracciale*, 2017 WL 5899202, at *2 (M.D. Fla. Nov. 30, 2017)

(collecting cases); *So.-Owners Ins. Co. v. MAC Contractors of Fla., LLC*, 2023 WL 3111291, at *1 (M.D. Fla. Apr. 24, 2023). That is true even when the assertion of privilege is in dispute. In such a case, "the protection afforded by the … privilege should not be lost in the process of making th[e] determination" whether the privilege applies. *U.S. ex rel. Baklid-Kunz v. Halifax Hosp. Med. Ctr.*, 2013 WL 1233699, at *2 (M.D. Fla. Mar. 27, 2013).

Here, DePuy, Defendants, and Gendreau all agree that Gendreau's filings contain information that DePuy and Defendants claim is privileged. The parties' interest in protecting that privilege far outweighs any public right of access. That is particularly true where, as here, "the party filing the presumptively confidential … material with the court is not the party claiming confidentiality, but that party's adversary." *See Chicago Tribune*, 263 F.3d at 1315 n.15.

### Local Rule 1.11(b) Checklist

1) Title: The title of the Motion to Seal is reflected in this filing;

2) Description of Items: The items sought to be sealed (642-1; 642-4; 642-6; 642-7; 642-10; 642-13; 642-14; 642-15) reflect privileged mediation communications related to a mediation overseen by Judge Barksdale.

3) Necessity of Filing Sealed Items: Per Defendants' motion to strike, Defendants do not believe the privileged mediation communications are necessary to the Court's resolution of Gendreau's proposed motions. However, if this Court denies the motion to strike, then the material will have been found necessary to Gendreau's motions.

4) Legal Memorandum: See above.

5) Duration of Seal: The seal should be permanent, due to the permanent nature of the mediation privilege at issue.

6) Identification of Counsel: Undersigned counsel is authorized to retrieve the materials.

7) Interested Persons: None known, other than Gendreau and the parties to this litigation who have been served by ECF.

8) Inclusion of Items: The items sought to be sealed are on the docket at ECF 642-1; 642-4; 642-6; 642-7; 642-10; 642-13; 642-14; and 642-15.

## **CONCLUSION**

The Court should strike Gendreau's motion to seal, or alternatively grant Defendants' motion to seal.

**Local Rule 3.01(g) Certification**

On August 8, 2024, counsel for VOI and Fidelio conferred with counsel for Gendreau via videoconference as well as several follow-up emails. Gendreau opposes the motion to strike, and does not oppose the alternative motion for sealing. Counsel for VOI has also conferred with counsel for DePuy, who has authorized Defendants to represent to this Court that DePuy's position continues to be that the January 5, 2023 communications are subject to the mediation privilege and should be sealed to the extent they remain on the docket. DePuy does not oppose Defendants' motion to strike.

Date: August 9, 2024

Respectfully submitted,

AKERMAN LLP

By: */s/ Cindy A. Laquidara*

Cindy A. Laquidara
Florida Bar No.: 394246
Email: cindy.laquidara@akerman.com
William C. Handle
Florida Bar No. 1002425
Email: william.handle@akerman.com
50 North Laura Street, Suite 3100
Jacksonville, FL 32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730

WILLIAMS & CONNOLLY LLP
R. Kennon Poteat III (*pro hac vice* forthcoming)

District of Columbia Bar No.: 983775
Email: kpoteat@wc.com
Ilana B. Frier (*pro hac vice* forthcoming)
District of Columbia Bar No.: 90012662
Email: ifrier@wc.com
680 Maine Ave, SW
Washington, DC 20024
Tel.: (202) 434-5000

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2024, I caused the foregoing motion to be filed electronically with the Clerk of Court by using the Court's CM/ECF system, thereby serving this document on all parties of record in this case.

*/s/ Cindy A. Laquidara*
Cindy A. Laquidara, Esq.
