**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| DEPUY SYNTHES PRODUCTS, INC. and DEPUY SYNTHES SALES, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. 3:18-cv-01342-HES-PDB |
| VETERINARY ORTHOPEDIC IMPLANTS, INC. and SYNTEC SCIENTIFIC CORPORATION, and FIDELIO CAPITAL AB, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**GENDREAU'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Proposed-Intervenors Dr. Claude Gendreau and The Claude Gendreau Investment Trust u/a/d March 13, 2023 (together, "Gendreau") filed a motion in this case to seek an answer to a simple question: whether a January 5, 2023 settlement offer that Plaintiffs made to Defendants, outside Judge Barksdale's presence, was part of the substance of the December 6, 2022 settlement conference over which Judge Barksdale presided. This question was prompted by Judge William Carpenter, Jr.'s June 21, 2024 Order in a related case pending in Delaware. Judge Carpenter ruled that "if [Gendreau] want[s] to utilize" the January 5, 2023 offer to defend himself in the Delaware litigation, he "need[s] to raise the issue with Judge Barksdale" because "she should be the one to decide" if the January 5, 2023 offer was part of "'the substance of the [December 6, 2022] settlement conference'" and therefore privileged. (ECF 642-6, June 21, 2024 Order at 5-6 (quoting ECF No. 456 at 3).)

Rather than allow Judge Barksdale to answer this simple question, Defendants have sought to delay and obstruct, purporting to take issue with *how* Gendreau has presented the question to

this Court.  First, Defendants argued that Judge Barksdale could not answer this question via email.

Now, when Gendreau filed a motion at Defendants' urging, they move to strike Gendreau's July

26, 2024 submission on two technical grounds: (1) Defendants argue that Gendreau did not meet

and confer with the parties to this case, as required by Local Rule 3.01(g), and (2) Defendants

argue that Gendreau could have (and should have) briefed the issue without the substance of the

January 5, 2023 settlement offer.  (ECF No. 645, Mot. Strike at 6-7.)  Both points are without

merit.[1]

First, the parties to the Delaware litigation and this litigation exchanged numerous

communications and participated in meet and confers about the very issue on which Gendreau

seeks this Court's guidance.  Those efforts were unsuccessful, prompting Gendreau to seek relief

from the Delaware Court, which led to Judge Carpenter holding that the issue should be presented

to this Court.  Given this context, no further conference was necessary or would have altered

Gendreau's position.  Defendants' Motion to Strike only further confirms the parties' impasse.[2]

Defendants also argue there was "no reason to include *the substance*" of the January 5,

2023 offer in Gendreau's Motion to Intervene and proposed Motion for Ruling on Scope of

Confidentiality Order because "[w]hether such communications are privileged does not turn … on

the communications' substance."  (Mot. Strike at 7.)  This is nonsensical.  Judge Carpenter's June

---

[1] Plaintiffs did not file any response to Gendreau's July 26, 2024 submission.

[2] Even if the Court finds that Gendreau did not strictly comply with Rule 3.01(g), the cases Defendants cite do not support their request to strike.  In *Unlimited Resources Inc. v. Deployed Resources, LLC*, 2009 WL 1370794, at *1 (M.D. Fla. May 14, 2009), the court granted a motion to strike where the parties repeatedly shirked their obligations under Rule 3.01(g), with the court specifically noting that "[w]ere this the first time the parties had failed to comply with the requirements of Local Rule 3.01(g), the Court would warn counsel and proceed to consider the motion."  And in *Real Estate Indus. Sols., LLC v. Concepts in Data Mgmt. U.S., Inc.*, 2011 WL 13141168, at *3 (M.D. Fla. Aug. 19, 2011), the court granted a motion to strike where the moving party's Rule 3.01(g) certification was false, which is not an issue here.

21, 2024 Order illustrates the importance of the substance of the January 5, 2023 offer to the privilege question. In his Order, Judge Carpenter discussed the substance of the offer and ultimately directed the parties to seek Judge Barksdale's guidance as to whether that offer was part of "'the substance of the [December 6, 2022] settlement conference'" because he was not familiar with—and did not want to speculate on—the substance of the December 6, 2022 settlement conference. (June 21, 2024 Order at 5-6 (quoting ECF No. 456 at 3).)[3] Similarly, Gendreau believes the substance of the January 5, 2023 offer is necessary for this Court to determine whether that offer was part of "the substance of the [December 6, 2022] settlement conference" over which Judge Barksdale presided. (*See* ECF No. 456 at 3.)

Defendants propose multiple alternative ways for Gendreau to present the issue to this Court, in lieu of discussing the substance of the offer—including discussing the "circumstances around" the offer, "describing [it] at a high level," or, if necessary, submitting the substance *in camera*, "[a]s in many cases involving privilege disputes." (Mot. Strike at 7.) Defendants' suggestion defies logic. Of course Judge Barksdale requires the substance of the January 5, 2023 offer to determine if it was a continuation of the December 6, 2022 settlement conference.[4]

In addition, this is not a typical privilege dispute between the parties to litigation, where one party seeks to withhold information from the other. Here, *all* the parties to this case and the Delaware case have access to the substance of the January 5, 2023 settlement communications at issue. Defendants (and Plaintiffs) seek via the motion to strike—not to withhold information from

---

[3] Judge Carpenter explained: "[Judge Barksdale's] order … indicated that '*the substance of the settlement conference is confidential.*' The broadness of her Order makes it impossible to decide [whether the January 5, 2023 offer is privileged] unless one was familiar with the *substance* of what was discussed during the conferences with her." (June 21, 2024 Order at 5 (quoting ECF No. 456 at 3).)

[4] To the extent that there is any concern about confidentiality going forward, Gendreau agrees that Judge Barksdale's Order can be sealed to protect the details of the January 5, 2023 offer.

Gendreau—but to protect it from disclosure to the rest of the world.[5]  And even where that type of disclosure is concerned, Defendants have consistently treated the substance of the January 5, 2023 offer as *not* particularly sensitive information—indeed, it was not until after Gendreau filed his motion on July 26, 2024 that Defendants first asked the Delaware Court to redact the substance of the January 5, 2023 offer from Judge Carpenter's June 21, 2024 Order on the public docket.  Under these circumstances, there is no reason to require Gendreau to brief the privilege issue in the manner that Defendants suggest.

## CONCLUSION

For the reasons stated, Gendreau respectfully requests that the Court deny Defendants' Motion to Strike.  Gendreau does not oppose Defendants' request in the alternative to seal ECF Nos. 642-1, 642-4, 642-6, 642-7, 642-10, 642-13, 642-14, and 642-15; this is the same relief Gendreau sought in his own motion to seal (ECF No. 642).[6]

---

[5] The cases that Defendants rely on are distinguishable.  There is no indication that the cases Defendants cite on page 8 of their brief concerned communications during a mediation conducted by the presiding judge or a situation where the party disclosing allegedly privileged communications sought to do so *under seal*.

[6] Gendreau did not seek leave to file ECF Nos. 642-6 and 642-13, which are copies of Judge Carpenter's public June 21, 2024 Order, under seal.  As noted above, since Gendreau filed his motion to seal on July 26, 2024, Defendants have requested that the Delaware Court redact the substance of the January 5, 2023 offer from the June 21 Order.  While it remains Gendreau's position that these communications are not privileged, Gendreau does not oppose Defendants' request in the Delaware litigation and does not oppose the request to seal the documents in this case.

Dated:  August 14, 2024

Respectfully submitted,

Dr. Claude Gendreau and The Claude Gendreau
Investment Trust u/a/d March 13, 2023

By:  /s/ *Ross B. Bricker*
One of Their Attorneys

Ross B. Bricker
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois  60654
RBricker@jenner.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2024, I caused the foregoing Opposition to be filed electronically with the Clerk of Court by using the Court's CM/ECF system, thereby serving this document on all parties of record in this case.

/s/ Ross B. Bricker
Ross B. Bricker
