United States District Court
Middle District of Florida
Jacksonville Division

**DEPUY SYNTHES PRODUCTS, INC.
& DEPUY SYNTHES SALES, INC.,**

    *Plaintiffs,*

v.                          **NO. 3:18-cv-1342-HES-PDB**

**VETERINARY ORTHOPEDIC IMPLANTS, INC., ETC.,**

    *Defendants.*

---

## Order

Earlier in this action, the undersigned entered an order scheduling a settlement conference and included in the order confidentiality language from Local Rule 4.03(g).[1] D456 at 3. The undersigned conducted the conference on December 6, 2022. D471. The parties did not settle. D471. During the ensuing trial, the parties continued to try to settle, including, at least twice, with the undersigned's ad hoc assistance.[2] D564 at 488–92; D565 at 661–62; D567 at 993. After a verdict for Depuy Synthes Products, Inc., and Depuy Synthes Sales, Inc., D555, the parties settled on their own, D631, D631-1; and, last year, the clerk entered judgment against Veterinary Orthopedic Implants, Inc. ("VOI"), and Fidelio Capital AB, D640.

---

[1]The Court revised the Local Rules, effective April 1, 2024. Local Rule 4.03(g) was unchanged.

[2]The undersigned has no extra-docket record or personal recollection of the substance of any settlement discussions.

Consequently, VOI and others are suing Dr. Claude Gendreau, the Claude Gendreau Investment Trust, and others in Delaware for indemnification. D645 at 3. For that dispute, Dr. Gendreau and the trust want documents about a settlement offer made on the first day of the trial in this action, D645 at 4, which was a day the undersigned did not meet with the parties to try to help them settle, *see* D563 at 9–11, 75. The Delaware court ruled that the undersigned is best positioned to decide whether disclosing the documents would violate the undersigned's order. D645 at 4.

Dr. Gendreau and the trust now appear here, preliminarily asking to seal these motions and exhibits:

- a proposed motion to intervene in this action, SD642-1;

- their pleading in the Delaware action, SD642-4, SD642-10;

- a proposed motion for a ruling on the scope of the confidentiality language or to modify the undersigned's order, SD642-7;

- emails between counsel about discovery of documents relating to settlement discussions, SD642-11;

- letters between counsel about their respective positions on indemnification, SD642-14, SD642-15, SD642-16, SD642-17; and

- a motion in the Delaware action by VOI and the other Delaware plaintiffs asking the Delaware court to strike information from the Delaware pleading filed by Dr. Gendreau, the trust, and the other Delaware defendants, SD642-18.

VOI and Fidelio Capital move to strike the motion to seal or, alternatively, to grant it. D645. Dr. Gendreau and the trust oppose the motion to strike but not the alternative relief requested. D646.

The motion to strike, D645, is **granted**. The Court need not consider the items proposed for sealing. The Court's jurisdiction to provide relief to Dr. Gendreau and the trust in this post-judgment setting is unclear. To the extent the Court has discretionary ancillary jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990), the undersigned would decline to exercise that jurisdiction in favor of the Delaware court applying the order (and, by extension, Local Rule 4.03(g)), to the circumstances presented in the Delaware action, including using settlement statements to prove, disprove, or defeat claims not in this action (the primary concern behind Local Rule 4.03(g)) but in the Delaware action.[3]

The Clerk of Court is directed to strike the motion to seal, D642, and its exhibits, SD642-1 to SD642-18.

**Ordered** in Jacksonville, Florida, on November 15, 2024.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

---

[3]Cognizant of the rule against advisory opinions and the policy behind it, the undersigned provides the following "for what it's worth" statement to try to be helpful and preempt cascading litigation here. The undersigned would not consider settlement discussions covered by the undersigned's order, no matter the substance, if they occurred after the December 6 conference and were between the parties only (i.e., not made in the undersigned's presence during the ad hoc settlement discussions).